# Hooper *v.* Hardie.

## *Bill of Review for Error Apparent.*

1. *Bill seeking sale of decedent's lands for payment of debts; proof as against infant defendants.*—When a bill seeks to sell a decedent's lands for the payment of debts, because of the insufficiency of personal assets, the existence of the debts and the deficiency of personal assets must be proved, as against infant defendants, by other evidence than the admissions of their guardian *ad litem.*

2. *Decree based on admissions of guardian ad litem; when infants may file bill of review.*—If the record shows that the decree was founded only on the admissions of the guardian *ad litem* of the infants, they may file a bill of review within three years after attaining their majority; and the proceedings will be reversed back to the pleadings, in order that a hearing may be had on legal evidence.

APPEAL from the Chancery Court of Russell.

Heard before the Hon. JNO. A. FOSTER.

This was a bill in equity, filed on August 6th, 1883, by Robert F. Hardie against Geo. D. and G. W. Hooper, D. B. Mitchell and others, and sought to review and reverse, on the ground of error apparent, a decree which said court had rendered on November 19th, 1867, in a cause wherein the said D. B. Mitchell, as administrator *de bonis non* of Robert Hardie, deceased, was complainant, and the widow of said Hardie and two minor heirs (one of whom was the present complainant) were, with others, defendants. The object of Mitchell's bill was to obtain a decree for the sale of the lands belonging to his intestate's estate upon the ground, among others, that the personal assets of said intestate were insufficient to pay his debts; and the lands were duly sold in pursuance of a decree rendered, on the date above mentioned, in accordance with the prayer of the bill. The two minor defendants, Sarah J. Hardie and the complainant in the present bill, were represented by their guardian *ad litem*, L. F. McCoy. Among the errors assigned by the bill of review, as apparent upon the record of the suit instituted by Mitchell, are the following: "(2.) In the action of the register in appointing the said L. F. McCoy the guardian *ad litem* of your orator and sister without any service on any one, and simply on his acceptance of service as shown in the bill in this case; (3.) Because your orator and his sister were never properly in court as shown by the *subpœna* in the case, and the register had no

jurisdiction to appoint a guardian *ad litem* in this case; (4.) There is error against this complainant and his said sister in the action of the court in rendering the decree for the sale of the lands on the consent of L. F. McCoy, and also in the various consent decrees rendered in the case, and especially in the decrees confirming the sale of the said lands and ordering deeds made to G. D. and G. W. Hooper to the lands by consent and without proof as to the value of the lands."

The bill of complainant was amended on 4th August, 1884, by adding, as parties defendant, the widow and heirs of G. W. Hooper who had died after the institution of complainant's suit. Demurrers were interposed to both the original and amended bills and numerous grounds of demurrer assigned—the most important of which are sufficiently indicated in the opinion. The overruling of the demurrers is here assigned as error.

J. B. COLLIER, THORINGTON & SMITH, for appellants.

W. II. BARNES, *contra.*

STONE, C. J.—There is nothing in the objection that this bill was not filed in time.—Code of 1876, § 3843. The present bill was filed in less than three years after the complainant became of age. The amendment afterwards made and allowed did not annul or abrogate the filing, which was done August 6, 1883; several days before the three years limit after Hardie became of age.

Nor was it necessary that the bill should set forth in what respect the complainant was injured by the first decree, if there was error apparent on the face of it. According to the averments of the bill, and they are sustained by what are averred to be copies from the record of the former suit, almost every step taken was on admissions and consents made by the guardian *ad litem.* These admissions and consents he had no authority to make. We do not intend to say a guardian *ad litem* can waive nothing, or can make no admissions. What we do affirm is, that when the object of the bill is to sell lands of an estate to pay debts, because of an insufficiency of personal property to pay them, the fact of such debts, and the deficiency of personal assets, must be shown by other testimony than the consent or admission of the guardian *ad litem* of an infant heir. We fully approve both the opinion and decree of Chief Justice MARSHALL in *Bank of U. S. v. Ritchie,* 8 Pet. 128.

If the state of the record of the former suit be such as is set forth in the present bill, the decree should be reversed back

to the pleadings, that there may be a further and fuller trial on legal testimony.—*McCall v. McCurdy*, 67 Ala. 65.

There is no error in the decretal order of the chancellor overruling the demurrer.

Affirmed.