[Mitchel et al. v. Hardie.]
I. H. PARKS and RICE & WILEY, for appellants.

GAMBLE & RICHARDSON, *contra*.

# Mitchel *et al v.* Hardie.

## *Bill of Review for Error Apparent.*

1. *Notice of application; waiver.*—The failure to give notice of an application for leave to file a bill of review, may be ground of demurrer, or of a motion to strike the bill from the files; but, not having been thus objected to, the irregularity is waived, and is not available on appeal.

2. *Limitation of bill of review.*—Application for leave to file a bill of review must be made within three years after the rendition of the decree and in case of infants, within three years after removal of disability, (Code of 1876, § 3843; Code of 1886, § 3497); but the application having been made within that time, it is not required that the bill itself shall be filed within the limit.

3. *What is error apparent; decree against infants, on consent or admissions of guardian ad litem.*—On a bill in equity to subject lands to the payment of a decedent's debts, a decree of sale being rendered by consent, or on the admissions of the guardian *ad litem* of the infant defendants, without proof of the material allegations of the bill, this constitutes error apparent, for which they may maintain a bill of review; and where the decree itself recites that it is rendered "by agreement of counsel and guardian *ad litem* of the minor defendants," there can be no presumption that it was also founded on the evidence which was before the court when a former order of reference was made.

4. *Purchase under decree afterward reversed or set aside.*—When a party to a judgment or decree becomes the purchaser at a sale made under it, he acquires only a defeasible title, which falls with the judgment or decree, if afterwards reversed or set aside, and the same rule applies to the attorneys and solicitors of the parties.

APPEAL from Russell Chancery Court.

Heard before Hon. JOHN A. FOSTER.

This case was before the court on former appeal, *Hooper v. Hardie*, 80 Ala. 114. The opinion in the present case sets out every thing necessary to its full understanding.

The briefs filed by solicitors for appellants and appellee respectively, are voluminous and argumentative.

BRICKELL, SEMPLE & GUNTER and L. MARTIN, for appellants.

GEO. P. HARRISON, JR. and AUG. BARNES, *contra*.

CLOPTON, J.—Notice of the application to file the bill of review was not given to the adverse parties. It is insisted that without such notice the chancellor had no right to allow the bill to be filed. It may be conceded that the proceeding was irregular, and subjected the bill to a demurrer, or to a motion to be ordered to be taken off the file. The want of notice was merely set up in the answer; but no action of the court thereon was required. The irregularity was not assigned as cause of demurrer, and no motion was made to have the bill taken from the file. The defendants, having answered, and the case having proceeded to a final decree, without other objection, will be regarded as having waived the irregularity, and can not make it available on appeal.

Section 3497 of the Code of 1886 provides: "Application to file bills of review must be made within three years after the rendition of the decree, except in case of infants, or married women, unless the matter of the decree relates to their separate estates, and persons of unsound mind, who may apply within three years after the termination of their respective disabilities." The Statute does not require that the bill of review itself shall be filed, but that *application* to file it, must be made within the statutory period. The application was made to file the bill within three years after the termination of the disability of complainant, and was in time.

Notwithstanding the guardian *ad litem* of an infant defendant may admit the allegations of a bill, or consent to a decree, the complainant is still bound to prove, by independent evidence, every material fact essential to relief; and if it appears from the decree, that it is rendered only on the admissions, or by the consent of the guardian *ad litem*, it constitutes error apparent, which will support a bill of review. On the former appeal, we held that if a decree is rendered on a bill to sell real estate to pay the debts of a decedent, only by consent of the guardian *ad litem*, or on his ad-

missions of the facts of debts against the estate, and the insufficiency of the personal assets to pay them, this was error apparent for which the decree should be reversed back to the pleadings, that there may be a further and fuller trial on legal and independent testimony.—*Hooper v. Hardie,* 80 Ala. 114. The correctness of the rule is conceded; but it is insisted, that it appearing from the proceedings and decrees in the former suit, the first submission was upon the pleadings, testimony and written agreement of the respective parties, the subsequent submissions of necessity were upon the evidence thus already before the chancellor; and that the presumption must be indulged that the chancellor considered the evidence sufficient to support the decree; and that the rule applies, that in such case no inquiry can be made on a bill of review, whether there is evidence to support the decree, or whether the decree is contrary to the evidence. There would be much force in the position of counsel, if the record did not disprove the contention. The first submission was made in term time, November 19th, 1867, when a decree was rendered, that the complainant was entitled to the interposition of the court, and a reference to the register ordered, to ascertain and report the value of the real estate. The note of testimony shows, that on this submission the depositions of several witnesses were put in evidence; and the decree recites that the cause was submitted "on pleadings, testimony and the written agreement of the solicitors of the respective parties." No other submission appears to have been made in term time. On November 22nd, 1867, without any reference being held or report by the register, the guardian *ad litem,* and the solicitors of the parties consent and agree that a sale, already drafted, be made in vacation; and on December 2nd, 1867, the consent decree of sale was made in vacation, which recites: "*Now, by agreement of counsel of both complainant and defendants and guardian ad litem of the minor defendants, the following decree is rendered.*" It is thus shown by the decree itself, that it was rendered only on the consent of the guardian *ad litem* and the solicitors of the parties. The recitals of the decree exclude and repel the idea or presumption, that it was made on the evidence noted on the first submission, or on any evidence before or considered by the chancellor.

The general rule is, that a party to an erroneous judgment or decree, purchasing at a judicial sale, acquires only a de-

[Mitchel et al. v. Hardie.]

feasible title, which falls with its subsequent reversal. *Marks v. Cowles*, 61 Ala, 299; *McDonald v. Mo. Life Ins. Co.*, 65 Ala. 358. The land was sold under the decree of sale made by consent, and purchased by the solicitors of complainant. The sales were confirmed by the consent of the solicitors and the guardian *ad litem*. The solicitors of record of the party obtaining the decree are charged with the knowledge of its erroneous character, and purchased subject to the risk of losing the title by the subsequent reversal of the decree. They are not in a position to claim the protection afforded to *bona fide* purchasers without notice. On a bill of review the court has power to do complete justice, and to put the party complaining in the same condition in which he was at and prior to the rendition of the decree in the former suit. The decree having been carried into execution, the land sold, conveyances executed, and the purchasers put into possession, a simple reversal of the decree would fall far short of doing complete justice. To this end it is essential that the sales made under the decree be vacated, the conveyances annulled, and the purchasers be held to account for the rents and profits.—*McCall v. McCurdy*, 69 Ala. 65.

The bill of review is filed by only one of the infant defendants to the former suit. The other, being barred by the statute of limitations is made a party defendant. No relief can, therefore, be granted to the latter.

The chancellor erred in reversing the decree and vacating the sales and conveyances *in toto*. The decree should be reversed, and the sales and conveyances vacated only so far as respects the rights and interests of the complainant in the bill of review, and as may be necessary to a further trial of the original suit in reference to his rights; and it should be allowed to remain in force, and sales and conveyances to stand, so far as respects the interest of the infant defendant whose rights are barred.—*Bk. U. S. v. Ritchie*, 8 Pet. 128.

For this error, the decree is reversed and the cause remanded.