# Jordan *v.* Hardie *et al.*

## *Bill of Review.*

1. *Bill of review; what necessary to maintain same.*—To support a bill of review for error of law apparent, there must be error in substance of prejudice to party complaining, apparent on the face of the pleadings, proceedings or decree, and it must appear by comparing the decree with the pleadings in other proceedings that the court has reached and declared an erroneous conclusions of law as to the rights of the parties; and irregularities in the proceedings or erroneous deductions from the evidence can not be considered.

2. *Equity jurisdiction; right of executrix under will to maintain bill.*—Where in a will the testator appoints his wife and another as executors, and authorizes them to sell his property and pay his debts, and after the partial execution of the duties enjoined by the will, one of the executors dies, leaving the testator's wife surviving, such executrix can maintain a bill in equity against the personal representatives and heirs of her co-executor and the heirs of her testator, for the purpose of having set aside to her, her widow's exemptions and for settling the accounts of the executor, and to construe the will for the purpose of determining whether the surviving executrix could sell the property thereunder.

3. *Bill of review; what questions not considered.*—On a bill of review, the question as to whether the evidence in the original case was sufficient to support the decree or whether the deductions from the evidence are erroneous are questions which can not be inquired into.

4. *Executors; payment and satisfaction by retainer.*—The principle of payment and satisfaction by retainer applies only where it is shown by the evidence that the personal representative had sufficient personal assets of the decedent in his possession for the payment of his debts, which he could have applied for that purpose; and where the executor of a will who was a creditor of the testator receives and disposes of the property of the estate and dies before accounting therefor, the doctrine of the payment and satisfaction of the debt by the retainer does not apply, unless the property so received by him equals the amount of the debt.

[Jordan v. Hardie *et al.*]

5. *Bill of review; equity pleading; decree of reference in proceedings thereunder.*—The fact that on the same day a decree of reference was rendered in an equity suit, the reference was held, on the same day report was made, and confirmation had on said date, is not such error of law apparent as will support of a bill of review, although such proceedings would be subject to review on appeal, and in the absence of the consent of the parties, would work a reversal of the decree on appeal.

6. *Equity pleading; effect of decree in bill filed by executrix.*—A testator made his widow and a creditor executors. The creditor obtained property belonging to the widow as personal exemptions, amounting to less than his debt, and converted it. After the creditor's death the widow sued to have her exemptions set aside, for a settlement of the creditor's accounts as executor, and also prayed leave to sell property of the estate for the payment of debts. The decree, to avoid circuity of relief, ordered that the property be sold, and that from the proceeds an amount equal to the property converted by the creditor be paid to the widow, and the balance applied on the creditor's debt. *Held*: That the decree was not objectionable as ordering a sale of the assets to satisfy a private obligation of the creditor to the widow.

APPEAL from the Chancery Court of Macon.
Heard before the Hon. S. K. McSPADDEN.
The facts of the case are sufficiently stated in the opinion.

GUNTER & GUNTER and C. P.McINTYRE, for appellant. The court was without jurisdiction to sell lands for payment of debts, because there was a power in the will. By the law the lands descended to the heirs, and the administrators and executors as such have nothing to do with them, except to exercise a statutory power, when necessary, to sell them for the payment of debts.—*Miller v. Irby,* 63 Ala. 485; *Scott v. Ware,* 64 Ala. 174; *Anderson v. McGowan,* 42 Ala. 280; *Lee v. Downey,* 68 Ala. 98; 3 Brick. Dig. 464, § 146 *et seq.* When there is a will giving the personal representative power to sell the real estate, the probate court and the chancery court, on the removal of an estate from the probate court, has no power to sell lands for the payment of debts.—Code, § 155; *Wilson v. Holt,* 83 Ala. 528, 537; *Brock v. Frank,* 51 Ala. 85; *Meadows v. Meadows,* 73 Ala. 356.

[Jordan v. Hardie *et al.*]

The court committed error in decreeing a sale of lands to pay Hardie's supposed debt without an account of the personal property of the estate showing its insufficiency and a settlement of Hardie's executorship. Code, § 155; *Lee v. Downey,* 68 Ala. 101.

This is, necessarily, error apparent. It is an absolute impossibility to have a judicial determination of the propriety and necessity of selling lands to pay an executor until his accounts are in some way determined. *Non constat* he received assets that would pay him by retainer, if he had a debt.—*Miller v. Irby,* 63 Ala. 477.

The first decree of June 12th, 1886, and the report of the register of the same date, and the second decree of the 12th June, 1886, are all erroneous on account of the matters mentioned below. In the well considered case of *Chicago, Etc. R. R. Co. v. Fosdick,* 106 U. S. 47, an error was made in the amount of the mortgage for which the railroad was decreed to be sold.—*Alabama, Etc. M. C. v. Robinson,* 56 Fed. Rep. 693; *Seattle R. v. Union T. Co.,* 79 Fed. Rep. 185.

The error of the court consisted as much in declaring the estate insolvent as in any thing else. How could a decree of insolvency be correctly made without a marshalling of the assets and debts? And how could that have been done in the part of the day of the 12 June, 1886, between the rendition of the first decree of that date and the report of the register of the same date and the decree confirming the report? And how could that report be confirmed on the same date without an opportunity to except to the report? The proceeding to have an estate declared insolvent involves notice and a trial of issue of various kinds, impossible to be inaugurated and disposed of in a day.—*Dolan v. Dolan,* 89 Ala. 256; *Chandler v. Wynne,* 85 Ala. 301; Code, § 290 *et seq.*

The adjudication of insolvency does not conclude the heir. The purpose of a declaration of insolvency is not to cut off the right of heirs, but to fix the status of the estate between the representative and creditors, requiring all debts to be paid equally and all to be settled in the court making the declaration.—*Ran-*

*dle v. Carter*, 62 Ala. 103, 104; *Eubank v. Clark*, 78 Ala. 80; *McGuire v. Shelby*, 20 Ala. 456; *State Bank v. Ellis*, 30 Ala. 478; *Lambeth v. Garber*, 6 Ala. 870; *Clarke v. West*, 5 Ala. 125, 126; *Hullett v. Hood*, 109 Ala. 345.

HORACE STRINGFELLOW, *contra*.—Mrs. Jordan was surviving executrix. Looking at the bill as one to settle administration of deceased co-executor, Mrs. Jordan had the right to maintain it without the averment of any special equity.—*Glenn v. Billingslea*, 64 Ala. 352.

Upon the issue joined the record shows that the testimony was taken by both complainant and defendants. Upon this testimony the bill was submitted for decree. The chancellor decreed that the complainant was entitled to relief, and decreed as part of the relief the sale of the interest of Jordan in the lands described in the bill for the payment of debts. He must, therefore, have found from the *evidence* that the estate was indebted, and that the personal property was insufficient to pay the debts. These facts are necessarily implied from the decree rendered and must be taken as true.—*Banks v. Long*, 79 Ala. 321.

"If the chancellor has decided that a fact exists then it must be so taken."—*McDougald, Admr. v. Daugherty*, 39 Ala. 422.

"Whether there is evidence to support a decree; whether the court has misjudged the evidence is not an inquiry which can be made in a bill of review. If in that respect the court errs the error can be corrected only on appeal."—*Ashford v. Patton*, 70 Ala. 483.

"To maintain a bill of review there must be error in point of law, that is an erroneous result drawn by the court from the facts apparent from the record. It is not of a misjudging of the facts that a party can complain, but for an improper determination of the law. It is not permissible to look at the testimony with a view of determining whether the chancellor scanned it properly, allowed it proper weight, or drew correct conclusions from it. These are questions which arise on appeal, but not on bill of review."—*Tankersly v. Pitts*, 61 Ala. 356.

But counsel contends that the insufficiency of per-

sonal assets to pay debts could not be ascertained without an ascertainment of the property converted by Hardie, and that could be done only by a settlement of Hardie's administration and that that was not had.

In the settlement of an administration the chancellor proceeds according to the rules and practice of a court of equity.—*Cowles v. Pollard,* 51 Ala. 447. When a decree is rendered upon pleadings and *proof* as in the case at bar, the presumptions are in favor of the decree. *Toone v. Finney,* 74 Ala. 343. Again, "every thing is presumed in favor of correct ruling in the original suit which the bill of review does not *disprove.*"—*George v. George,* 67 Ala. 196.

No one can complain upon a bill of review of any error unless they were injured by it.—*McCall v. Mc-Curdy,* 69 Ala. 65; *George v. George,* 67 Ala. 196; *Thorington v. Thorington,* 111 Ala. 237.

Where an estate is declared insolvent a distributee cannot maintain a bill for settlement unless he shows there will be a surplus after the payment of debts, and this where he was not a party to proceedings of insolvency.—*Wright v. Dunklin,* 83 Ala. 322.

DOWDELL, J.—The complainant, Eddie Jordan, appellant here, filed his bill for the purpose of reviewing and reversing the decree complained of for error of law apparent. From a decree of the chancellor sustaining a demurrer to his bill and dismissing the same for want of equity, this appeal is prosecuted. To determine what constitutes error of law apparent on the face of the decree is not always free from difficulty. But as was said by this court, speaking through BRICKELL, C. J., in *McCall v. McCurdy,* 69 Ala. 71, to support a bill of review for error of law apparent, "there must be error in substance, or prejudice to the party complaining, apparent on the face of the pleadings, proceedings, or decree. * * * Comparing the decree with the pleadings and other proceedings, it must be apparent that the court has reached and declared an erroneous conclusion of law, as to the rights of the parties. Whatever of error other than this, which may

have intervened—errors in the regularity of the proceedings, erroneous deductions from the evidence—must be corrected by a writ of error or by appeal; it is not the office of a bill of review to inquire into and correct them."

In the proceedings sought to be reviewed, the bill as amended, the foundation of the decree, was filed by N. M. Jordan as an individual and in her representative capacity as surviving executrix, under the last will of E. W. Jordan, her deceased husband. The will is made an exhibit to the bill, and by it, all of the property of the testator was charged with the payment of the indebtedness of testator to James W. Hardie and James W. Hardie & Co., and directed that the same be paid off "before the payment of any legacy whatever." The will contained a power of sale as follows: "My executor and my executrix are hereby empowered to sell my property, real or personal, belonging to my estate without first having obtained an order of court therefor, either at public or private sale, whenever in *their opinion* it is necessary to promote the interest of my estate, and may purchase other property with the funds arising from such sale and such other property when purchased shall be subject to the same directions of this will herein expressed of property now owned by me."

The bill avers the death of J. W. Hardie, complainant's co-executor under the will. The bill also itemizes all of the personal property belonging to the estate of T. W. Jordan, and avers its value, and specifies what personal property had been sold by the executor and executrix, showing that the proceeds of such sale had been applied in payment and discharge of certain named debts of the testator, and it then avers what debts remained unsatisfied. It likewise showed in what the real property of the estate consisted, and after thus itemizing the property of the estate, both personal and real, and specifying the debts and the amounts thereof remaining unpaid, averred that the estate was insolvent. The complainant executrix, widow of the deceased, among other things sought to have her exemptions out of the personal property on hand set aside to her as well as a homestead in the land, and after setting

apart a homestead had prayed for a sale of the lands
for the payment of debts of the estate. The bill also
averred that complainant was advised that she, as sur-
viving executrix, could not make a valid sale of the
property, under the power given in the will. The heirs
at law and the personal representatives of James W.
Hardie were defendants in the bill. The complainant
in the present bill, who was then a minor, was also made
a respondent, and was represented by a guardian *ad
litem*. Answers were filed and issues made and testi-
mony taken, and the cause submitted for decree on the
pleadings and proof, and a decree rendered, and this
decree is here sought to be reviewed and reversed for
error of law apparent.

The first assignment of error in the rendition of the
decree, insisted on in argument, questions the jurisdic-
tion of the court rendering the decree. We think there
can be no doubt but that under the averments of the
bill, whether it be considered as one for the settlement
of the administration of a co-executor, or as one for the
sale of real estate for the payment of debts, a court of
chancery had jurisdiction. On the first proposition
stated, under the authority of *Glenn v. Billingslea*, 64
Ala. 352, Mrs. Jordan, the surviving executrix, could
maintain the bill without the averment of any special
equity. As to the second proposition, being a bill for
the sale of real estate for the payment of debts, it is
clear that the court had jurisdiction. The allegations
of the bill showed the existence of debts and an insuffi-
ciency of personal property to pay the same, and fur-
thermore, by its averments showed that a construction
of the will was called for as to the power of sale con-
tained in it, a matter not within the jurisdiction of the
probate court, and which the chancery court alone had.
jurisdiction of. Mrs. Jordan having been advised that
she had no right to exercise the power of sale given in
the will, her recourse, in case of such doubt involving
the transfer of title to real estate, was to the court of
chancery.—3 Brick. Dig. 335, §§ 67, 68.

The bill as amended was answered by the adminis-
trators of Hardie and the Hardie heirs denying that

the value of the personal property was as stated in the bill, and also denying the averments as to the renting of the lands and collection of rents by James W. Hardie, deceased. The guardian *ad litem* of Eddie Jordan, the complainant here, likewise answered the amended bill denying its allegations. The record in that case shows that testimony was taken both by complainant and respondents, and upon this testimony the cause was submitted for decree. The chancellor decreed that the complainant was entitled to relief, and decreed as a part of the relief prayed for, the sale of the interest of Jordan in the lands described in the bill for the payment of debts. To warrant this decree he must have necessarily found from the evidence that the estate was indebted, and that there was an insufficiency of personal property to pay the debts. Whether the evidence was sufficient to support the decree, or whether the deductions from the evidence were erroneous, are questions not to be inquired into on a bill of review.—*Ashford v. Patton*, 70 Ala. 483; *Tankersly v. Pitts*, 61 Ala. 356.

The record shows that the cause was submitted on the evidence, the presumption is that the evidence warranted the finding of the chancellor. "If the chancellor has decided that a fact exists then it must be so taken." *McDougald's Admr. v. Dougherty*, 39 Ala. 422.

When a decree is rendered upon pleadings and proof, the presumptions are in favor of the decree.—*Toone v. Finney*, 74 Ala. 343. And, as was said in *George v. George*, 67 Ala. 196, "Everything is presumed in favor of correct ruling in the original suit which the bill of review does not disprove." The bill of review in the present case does not disprove any of the facts recited in the decree, nor those facts the finding of which from the evidence, by the chancellor, were necessary to authorize the decree rendered.

We do not think there is anything in the suggestion as to the application of the doctrine of payment and satisfaction of Hardie's debt by retainer. The principle of retainer and satisfaction only applies where it is shown by the evidence the personal representative had sufficient personal assets for the payment of his debt which he could have applied for that purpose.—*Miller*

*v. Irby,* 63 Ala. 485. Here the bill of Mrs. Jordan averred that the estate was indebted to Hardie, while averring his possession of assets converted. The chancellor found upon a submission upon the evidence and declared by his decree that the estate was indebted to Hardie after allowing all offsets, in a large sum. In face of all this, we are unable to see any reason for the application of the principle of payment and satisfaction by retainer.

The fact that on the same day of the decree of reference, a reference was held, and a report made, and a confirmation had, is not such error of law apparent as will support a bill of review, although subject to review on appeal, and in absence of consent of parties would work a reversal of the decree on appeal. We cannot agree with counsel that the decree in the original case was for a sale of the real estate for the payment of a debt due by Hardie for the personal property converted by him and which was claimed by complainant as personal exemptions. The prayer of the bill as to this property was for a judgment against his personal representatives, and the decree merely directed that out of the proceeds of the sale of land made for the payment of the debts of the estate, the amount of the personal property going to the complainant as her exemptions and which had been converted by Hardie, be deducted from the amount of Hardie's debt against the estate, ascertained in the decree, and paid to the complainant. It was but a mode of securing prompt payment under a distribution of the proceeds of the sale made for the payment of debts, and not a decree of sale of land for that purpose as contended by counsel. We are unable to see that the chancellor committed any error in sustaining the demurrer to the bill of review and in dismissing the same for want of equity.

The decree will be affirmed.