# Vary *v.* Thompson.

### *Bill for Review.*

(Decided Feb. 10, 1910.   Rehearing denied June 1, 1910.
52 South. 951.)

1. *Equity; Bill of Review; Grounds.*—It must be apparent from the record that an erroneous conclusion of law, or of substance, and not mere form has been reached and effected by the court affecting the rights of the parties before a bill for review will lie; errors otherwise in the regularity of the proceedings, and erroneous deductions from evidence would not avail, since a bill of review cannot be uesd in lieu of an appeal or writ of error.

2. *Same.*—While errors subject to revision on appeal or on other like procedure may be the basis of a bill of review, not every irregularity available to reverse on appeal will support a bill of review.

3. *Same.*—The fact that a decree pro confesso was entered prematurely, is not grounds to support a bill for review.

4. *Same.*—The fact that a notice entered in the order book of the register for the amendment of a bill should designate a day when the amendment will be considered, and contain a literal copy of the amendment, and that it did not, is not grounds for a bill for review.

5. *Same; Decree Pro Confesso.*—Section 3133, Code 1907, does not modify rule 48, Chancery Practice, but deals alone with notices where the party to whom directed is in default, and not to the period after the elapsing of which from notice perfected, a decree pro confesso may be taken.

6. *Appeal and Error; Presumption.*—Where in a suit in which the parties were agreed to be the joint owners of real estate and the land was ordered sold for division, an amendment to the bill gave the source of complainant's title as the children of a certain woman who acquired title by the will of their mother, and it was also alleged that they inherited the land from their mother, who left a husband surviving her, and the cause was submitted on pleadings and proof, a decree in favor of the complainant will be sustained on appeal from the decree by a bill of review under the presumption that the woman did not die intestate, though her surviving husband be not made a party.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Bill by W. A. Thompson against John Vary, seeking to review and annul the decree in a former suit between

the same parties. Decree for complainants and re-
spondents appeal. Reversed and rendered.

CHARLES E. ELDER, for appellant. The case present-
ed by the bill does not authorize and does not state good
grounds for a review.—*McCall v. McCurdy*, 69 Ala. 65;
*Tankersly v. Pettis*, 61 Ala. 354; *McDougal v. Dough-
erty*, 39 Ala. 407. McMillan is the only one that can
complain for a failure to join him as a party.—*Pate v.
Hinson*, 16 South. 527; *Teel v. Chancellor*, 23 South.
651; *Rensford v. Magnus*, 43 South. 853; *Toulmin v.
Hamilton*, 7 Ala. 362. Want of notice of interlocutory
proceedings is not a ground for bill of review.—*George
v. George*, 67 Ala. 192; 6 Cyc. 528.

FRANK S. WHITE & SONS, and CARMICHAEL & WYNN,
for appellee. Notice of the amendment should have
been served on the opposing party.—Rule 44, Ch. Pr.
Notice for five days is necessary to perfect notice of the
amendment.—*Alston v. Alston*, 34 Ala. 23; *Colley v.
Bass*, 63 Ala. 393; *McClerney v. Ward*, 80 Ala. 243. No
decree pro confesso should be taken until after thirty
days.—Rule 48, Ch. Pr. 6 Enc. P. & P. 980. The
amendment was material and was without a foot note.
—*O'Neill v. Robertson*, 43 Ala. 530; *Winter v. Quarles*,
43 Ala. 696; *Sprague v. Robinson*, 44 Ala. 340. Mc-
Millan was a necessary party to the bill as he was a
life tenant.—*Wilkerson v. Stewart*, 74 Ala. 198. Coun-
sel discuss the *Kelly v. Deegan* and *Fitts v. Craddock
cases*, with citations of authority, not being deemed
necessary to here set out. They insist that on the
facts made by the bill the bill was good as one for re-
view, and the court committed no error in sustaining
it.—*Keenan v. Strange*, 12 Ala. 291; *Smith v. Fitzsim-
mons*, 97 Ala. 458; 5 Enc. P. & P. 1010.

[Vary v. Thompson.]

McCLELLAN, J.—In consequence of a bill originally filed by Vary against Thompson and others certain real estate in Jefferson county was decreed to be sold for division of the proceeds between Vary and Thompson, the then adjudged joint owners thereof. Thompson, complainant in the present bill of review assailing the mentioned decree, appeared in the original cause, and filed his demurrer to that bill, which demurrer was overruled. The decree overruling his demurrer granted Thompson 30 days in which to answer the bill. After the expiration of that period, as appears from the order of the court of date June 12, 1908, decree pro confesso was taken against Thompson. Subsequent to the entrance of that decree pro confesso, the complainant, Vary, sought to amend his bill. Notice of the application and purpose to amend as stated was undertaken to be given by an entry on the order book of and by the register of the court. The register fixed 5 days as the period after the expiration of which the amendment would be allowed. More than 60 days after the expiration of the stipulated period, the register entered in such order book an order reciting the allowance of the prayed amendment, and that after the expiration of the 5-day notice before mentioned. Six days after the order allowing the amendment was entered, upon motion of the complainant, Vary, the court entered a decree pro confesso against Thompson to the bill as amended. Thompson remained entirely inactive in the cause otherwise than by his presentation of his demurrer to the original bill.

Bill of review, its office, scope, and effect, has been frequently considered by this court; and it was long since announced as settled that such a bill was not available in lieu of appeal or writ of error; but that to be available it must be apparent from the record

that an erroneous conclusion of law, of substance and not mere form, has been reached and effected by the court as affecting the rights of the parties; that errors otherwise, in the regularity of the proceedings, erroneous deductions from the evidence, must be corrected by appeal or other action in that nature.—*McCall v. McCurdy*, 69 Ala. 65;·*Tankersley v. Pettis*, 61 Ala. 354; *McDougald's Adm'r v. Dougherty*, 39 Ala. 409; *Jordan v. Hardie*, 131 Ala. 72, 31 South. 504. And it may be added, in limitation of the foregoing statement of the sum of the holdings on this subject by this court, that errors subject to revision on appeal or on other like procedure may be the basis of a bill of review, but that not every irregularity available to reverse on appeal will support a bill of review.—Authorities, supra.

The court below entertained the opinion that the bill of review was well filed, and hence overruled the numerously grounded demurrer of the appellant. Appellant, touching our first statement of ground for the bill of review, would answer and deny its efficacy by an appeal to Code 1907, § 3133. It is obvious that that section deals alone with *notices* where the party to whom directed is in default, and not to the *period* after the elapsing of which from perfected notice decree pro confesso may be taken. We do not understand that rule 48 of Chancery Practice is at all modified by the statute above cited. That rule provides, expressly, for the expiration of a 30-day period after notice of amendment, and we take *notice* to imply perfected notice. It appears, then, that the cause, after amendment of the bill, was put at issue by a decree pro confesso prematurely ·taken against a defendant who was already in default, and against whom a like decree had been taken as upon the original bill. On the third day after the entrance of the latter decree pro confesso the

cause was submitted for final decree, upon the original bill as amended, both decrees pro confesso and depositions of witnesses named, and on that day final decree was rendered, and filed in the cause, granting the prayer of the amended bill.

We do not think there can be any serious doubt that the premature entry of the latter decree pro. confesso, and such was the case in this instance, was a mere irregularity in procedure that, while available on appeal to reverse, is not serviceable to support a bill of review. It is conceded in brief of solicitors for appellee that error in respect of such a decree would not, because interlocutory, support an appeal; and, this being true, we are unable to attach to it a graver importance when to maintain a bill of review apparent errors in conclusions of law, substance, and of prejudice to the party complaining must infect the final decree sought to be reversed. The case cannot be distinguished in principle from that dealt with in *Jordan v. Hardie,* 131 Ala. 72, 80, 31 South. 504, where requisite notice and lapse of time were not had in ordering and holding a reference, making up a report, thereon, and the confirmation thereof was effected. It was therein ruled that the error was not of the character necessary to support a bill of review. Such is our view in respect to the premature allowance of the latter decree pro confesso in this instance. The notice sought to be effected by the two entries on the book were sufficient, under Code 1907, § 3133. If this character of notice should properly designate a day when the amendment will be considered and contain a literal copy of the proposed amendment, it is obvious that omissions in those respects would be irregularities not of the kind necessary to afford bases for a bill of review, namely, errors in conclusions of law, of substance, and of prejudice to the complaining party.

Another ground set forth for reversal of the original decree in the bill of review is the absence of a footnote to the amendment made to the original bill. The amendments made to the original bill, becoming a part of it, were not of such character as to require a footnote in addition to that appearing on the original bill.—*Enslen v. Allen*, 160 Ala. 529, 537, 49 South. 430.

It is also objected in the bill of review that C. L. McMillion was a necessary party to the original cause after the bill was amended. This depends upon the construction of the bill as amended, even if we assume that Thompson could, by bill of review, complain of the nonjoinder of necessary parties. After amendment the bill contained averments attributing the source of Vary's title to one of the two children of Virginia McMillion who, it was alleged, became so possessed by virtue of the last will and testament of Virginia McMillion, and a copy of that will, duly probated, appears as an exhibit to the bill; and, on the other hand, an averment by addition, that these two children *inherited* the lands from their mother who, dying, left a husband, C. L. McMillion, surviving. If Virginia McMillion died intestate, as may be implied by the latter allegation, the husband took a life estate in the lands described in the bill.

The cause was submitted not only on the pleadings, but also on proof, and, under the rule of favor extended here to decrees and judgments below, we must presume that the proof supported the former averment, viz., that Virginia McMillion did not die intestate as to these lands and thereby avoiding the error in decree if a sale for division was directed upon a bill by a remainderman or reversioner only, and a life tenancy, without other interest, in the realty was existent. So treating the case made by the bill, C. L. McMillion was not a necessary

party, nor, in consequence, could the sale be held erroneously ordered in violation of the rule just stated.

It may be, as is urged for appellant, that this appeal could be disposed of upon the ground that the bill of review presents a case of extreme neglect on the part of the appellee, defendant in the original cause; and also, upon the ground that the bill is silent in averment tending to show any prejudice resulting to him from the final decree assailed. That decree awards him half of the proceeds of the sale of the land, a proportion equal to his adjudged interest in the land. His bill asserts no greater interest, nor does it appear therefrom that the court, on another trial, would or could reach any other conclusion than that a sale for division was necessary. However, we will not ground our conclusion upon the latter considerations, sound as they may be.

The bill of review is without equity. The grounds therein asserted against the decree assailed token errors not availing to support a bill of review.

The decree appealed from ·is, hence, reversed, and a decree will be here rendered dismissing the bill.

Reversed and rendered.

DOWDELL, C. J., and MAYFIELD and SAYRE, JJ., concur.