# Turner *v.* Turner.

## *Bill of Review.*

(Decided June 10, 1915.   Rehearing denied June 30, 1915.
69 South. 503.)

1. *Equity; Bill of Review; Scope of Hearing.*—On a bill of review for error apparent of record, questioning the correctness of the final disposition of the cause as affecting the substantial rights of the complainant, the answer must be found on the face of the record, including all the proceedings, except the evidence, which cannot be considered.

2. *Same; Issue, Proof and Variance.*—Under Section 4094, Code 1907, a party must stand on his own pleadings.

3. *Descent and Distribution; Vendor and Purchaser; Lien.*—The debt of a purchaser of land, who has executed purchase money notes to secure the same, is a lien on the land which follows the land upon its descent to the heirs.

4. *Bills and Notes; Parties; Joint.*—Where complainant and respondent took a joint deed to realty, and gave their joint notes, the one was surety for the debt of the other, who was the principal obligor for his half of the debt.

5. *Subrogation; Right to; Surety on Purchase Money Note.*—Where one who, with another, took a joint deed to realty, both giving joint notes to secure the purchase money, and on the other's failure to pay his half of said indebtedness was compelled to pay the whole, filed a bill not specially claiming a vendor's lien or subrogation eo nomine, such one was entitled to subrogation to the vendor's lien against his co-purchaser and his heirs, and entitled to stand in the place of the vendor with all his remedies and preferences.

6. *Same; Enforcement.*—In such a case there was no presumption that the vendor had taken independent security, or waived the lien which otherwise equity raised up for his protection; but if there was in fact a forfeiture, it was a matter to be set up in defense and proven.

7. *Equity; Review; Matters Considered.*—On a bill of review the chancery court considers errors of substance only.

8. *Same; Error as to Parties.*—Where complainant had purchased land jointly with another and had executed a joint note for the purchase money, and because of the failure of the co-purchaser, was compelled to pay the entire debt, where the amount of the indebtedness for which a lien was sought was fixed against the heirs of the co-purchaser, the failure of such complainant in his bill for subrogation to make the personal representative of his co-purchaser a party respondent, if error, was not error to work a reversal of the decree on a bill of review, it not being shown to have prejudiced an heir in the determination of the amount.

[Turner v. Turner.]

9. *Same; Proof; Chancery Practice; Compliance.*—Where the rec-ord showed a bill for subrogation to a vendor's lien against a co-purchaser of complainant, and the heirs of such co-purchaser, and the record recited "Jan. 27, 1896, Testimony ordered published and cause submitted on pleadings and proof for decree in vacation;" and "July 27, 1896, Continued under former order of submission, the file to be forwarded to the Chancellor by Feb. 10th, next;" and there was a purported note of testimony, certified as of July 27, 1896, whereon the Chancellor decreed on April 7, 1897: "This cause was submitted on pleading and proof in term time for consideration and final decree in vacation, and is argued and heard on such submission," the effect of rule 75, Chancery Practice, is, by reference to the note of testimony, to make a record of the evidence and to bring to the Chancellor's attention evidence upon which the parties rely, and upon appeal to inform the Supreme Court as to the evidence considered by the Chancellor, and that, while the Supreme Court will reverse decrees where the evidence on which they have been based is not noted as the rule requires, yet in this case, there was a substantial compliance with the rule in the proceedings sought to be reviewed.

10. *Vendor and Purchaser; Lien; Sale; Confirmation.*—An order of sale, made after the register had reported, and after exceptions by the guardian ad litem of the minors had been heard and overruled, and a deed to the purchaser made, could only have meant that the sale was to be made subject to confirmation, and gave the purchaser notice of the meaning and effect of the decree, and with a report of execution of the decree, and an order after report of sale that the report had been read and by consent in open court, had been confirmed, was a sufficient provision 'for report and confirmation, when brought in review by bill of review.

11. *Same.*—Upon such a bill, where the facts necessary to a lien and the amount of the indebtedness thereby secured had been ascertained by judicial proceedings in which such fact had been contested by the guardian ad litem for the minor heirs, and the sale had been made as required by law, the decree confirming the sale of the land to the satisfaction of the lien, would not be set aside on the ground that the report of sale had been confirmed by consent, since there was no inference therefrom that the minor respondents had not had the protection required by law, and the usages of the court.

APPEAL from Lowndes Chancery Court.

Heard before Hon. W. R. CHAPMAN.

Joe Turner filed a bill against Howard Turner, which was revived after Howard Turner's death against his widow and minor children, including Daisy Turner. The bill was filed to enforce a vendor's lien, and for subrogation, and resulted in a decree for complainant and a sale of the land to satisfy the lien. Daisy Turner

now brings this bill to review the proceedings and decree in the former case, and appeals from the decree of the chancellor holding the bill devoid of equity. Affirmed.

W. A. GUNTER, for appellant.

R. L. GOLSON, and TYSON & ARRINGTON, for appellee.

SAYRE, J.—(1)   This is a bill of review for alleged error apparent on the record of a cause in which decrees were rendered by the chancery court of Lowndes in the years 1896, 1897, 1898. The nature of the questions there involved will appear from our consideration of the several errors assigned in the present bill. The correctness of the final disposition of the former cause, as affecting the substantial rights of the complainants, is the question, and the answer must be found on the face of the record, which, for the purpose at hand, is constituted of the pleadings, processes, and decrees in the cause, in short, all the proceedings except the evidence itself. The evidence itself cannot be considered. —*McDougald v. Dougherty*, 39 Ala. 409.

We consider first the error assigned against the former decree which goes upon the ground that the bill there stated no cause of action in equity against this complainant. The bill was this, in effect:   Joe Turner, complainant, and Howard Turner, the original defendant, had received a joint deed conveying to them a tract of land in Lowndes county. To secure the purchase money they had given their four joint promissory notes, Howard had failed and refused to pay his half of the indebtedness, and complainant had thus been compelled to pay the whole. There was in the bill no specific aver-

ment of vendor's lien or mortgage, nor was there any specific claim of a right of subrogation eo nomine. The prayer of the bill was that a lien be decreed on defendant's undivided interest in the land, that for its satisfaction defendant's interest be sold, and for general relief. Pending the suit defendant died, and there was an order of revivor against his widow and minor children, of whom the complainant in this bill was one; she being less than one year of age. Thereafter the infant defendants were represented by a guardian ad litem of the court's regular appointment after service had in accordance with the statute in such cases made and provided.

The contention advanced by the bill of review is that the former bill showed nothing more than an effort to enforce a personal debt against Howard, and that when he died all basis for a decree was gone without a revivor against his personal representative—this, for the alleged reason that there was in the bill no basis of equitable relief against this complainant and the other heirs of the deceased, since they were not liable for his debt and no lien was set up against their inheritance— this, in the effort to work out a theory that the proceeding was lacking in due process and the decree void, for that the point decided was not within the substance of the litigation proposed by the bill.

(2-5) It is not to be doubted that a party must stand on his own pleading, and the statute requires of bills of every character that they "must contain a clear and orderly statement of facts on which the suit is founded, without a prolixity or repetition, and conclude with a prayer for the appropriate relief."—Code, § 1090. The former bill by its averment of facts disclosed a clear case for subrogation to the lien of a vendor, unless it

be a fatal fault that it omitted to append a label to the equitable picture which by its averments of fact it presented for the court's inspection, and failed to exclude the hypothesis that the vendor may have waived his lien by taking independent security. Complainant was surety for the debt of his copurchaser, who was principal obligator for his own half of the debt. That debt was a lien upon the land (*Newbold v. Smart,* 67 Ala. 326), which it followed upon its descent to heirs. The right to subrogation is the right of the surety, who has discharged the debtor's liability to the creditor, to stand in the place of the creditor, to use his remedies, and to be entitled to the preference against the estate of the principal debtor.—8 M. A. L. 197. From the facts averred, without looking elsewhere, a vendor's lien and complainant's right therto by subrogation were to be inferred, and these natural, if not necessary, inferences, however defective the form of their statement may have been held on demurrer, were, in connection with the prayer for relief, quite sufficient in substance to invoke the court's jurisdiction to render the decree. —Brown on Jurisdiction, § 3. The special prayer indicated that the complainant sought a lien, and there was besides the general prayer, which constitued a moving appeal to the court's great store of equitable power.

(6-7) On a bill of review the court considers errors of substance only.—*McCall v. McCurdy,* 69, Ala. 65. The right of the surety in the case stated depends on an established principle of equity rather than upon contract (*Pearl v. Deacon,* 24 Beav. 186), and the principle is brought into operation whenever the complainant appeals for the court's action on facts to which it is applicable. Nor is there any presumption that the vendor had taken independent security, or waived the

lien which otherwise equity raised up for his protection. If there was in fact a waiver, that was matter of defense.—*Dowling v. McCall,* 124 Ala. 633, 26 South. 959.

(8) Nor does it appear of record that there was substantial error in proceeding to fix the amount of the indebtedness in the absence of the personal representative of the deceased. No purpose of a general administration was involved. The purpose of the bill was to fix a specific lien on realty that had descended to the defendants. The amount of the indebtedness for which a lien was sought needed to be fixed as against the heirs of deceased in a proceeding to which they were parties, and it was so fixed and decreed; but it is not perceived how the presence of an administrator, not in privity with the heirs, defending in a different right and for different purposes, would have contributed to a meritorious settlement of the decree for a lien as against the heirs.—*McCall v. McCurdy, supra.*

From the foregoing considerations, establishing the jurisdiction of the court as upon a sufficient bill, and from the fact that the complainant in the present bill is not shown—could not, without a resort to the evidence in the previous cause, be shown—to have suffered prejudice in the determination of the amount of the indebtedness, it results that the failure to bring in the personal representative was not error to work a reversal on a bill of review.—*McCall v. McCurdy, supra.*

(9) It is further assigned for error that the decision in the former cause was against infants without proof—this, upon the theory that there was no note of testimony as required by rule 75 of the rules of chancery practice. The pertinent part of the rule is as follows: "The complainant's counsel must then offer his

testimony in chief, naming the witnesses and other testimony, of which the register must take a note; and then that of the defendant must be offered, and noted by the register, to which the complainant in like manner must offer his rebutting testimony. Any testimony not offered in this way, and noted by the register on the minutes, must not be considered as any part of the record, nor be considered by the chancellor."

The recitals of the record are: "January 27, 1896. Testimony ordered published and cause submitted on pleadings and proof for decree in vacation."

And at the July term, 1896, the following: "July 27, 1896. Continued under former order of submission, the file to be forwarded to the chancellor by the 10th of February next."

In the bill for review it is averred that there was no entry on the minutes of said court for the term held in January, 1896, nor at the July term, 1896, of any note of testimony in said cause, but that there is found in the file of said cause a paper purporting to be a note of testimony: Here the bill sets out a regular note of testimony, certified by the register as of the 27th day of July, 1896, and marked by him filed on the same day. April 3, 1897, the chancellor decreed as follows: "This cause was submitted on pleadings and proof, in term time, for consideration and final decree in vacation, and is argued and heard on such submission. On consideration, which is confined to the legal evidence in this cause, it is ordered, adjudged, and decreed that the complainant is entitled to relief. The register is directed to ascertain and report what is due the complainant for the moneys he paid for the land described in the bill, the same being one-half of the amount of the purchase notes shown in exhibits, with interest thereon. He will

give the parties due notice of his proceeding hereunder and will report in vacation."

The bill here avers: "That said note of testimony, after said cause had been submitted and after the adjournment of the court, was fraudulently enrolled on the book containing the minutes of said court without any date to the entry."

No importance is to be attached to the averment that the note of testimony was "fraudulently enrolled." Fraud is not made a ground of the bill; and if it were so intended, it is wholly insufficient as a bill to impeach the decree for fraud in its concoction. The bill is a bill of review for error apparent, and nothing else. In such a bill the entire record must be shown, and, when shown, speaks for itself. The averment in question is merely thrown in for color, and can be taken to mean only that there was no evidence the chancellor could lawfully consider, for the reason that there was no compliance with the rule in regard to a note of testimony. It may be conceded that it is competent for the Legislature to convert an error of form into a fatal defect, vitiating a decree even after the jurisdiction acquired, that the rule has the force and effect of a statute, and that it is both mandatory and prohibitory, excluding from consideration any testimony not so noted, though the testimony may be found among the papers in the cause. The effect of the rule is by reference in the note of testimony to make a record of the evidence in substitution for that afforded by the ancient practice of the chancellors of reciting in their decrees at length the entire pleadings and the substance of the evidence contained in the depositions.—Fletcher's Eq. Pl. & Pr. § 718. It serves the purpose besides of bringing to the chancellor's attention the evidence upon which the par-

ties rely, and upon appeal to give this court indubitable information as to the evidence taken into consideration by the chancellor in arriving at the conclusion stated in his decree. And it is the rule of decision in this court on appeal to reverse decrees when the evidence on which they must have been based is not noted as the rule of practice requires.—*Reese v. Barker,* 85 Ala. 5 South. 305; *Harn v. City Council,* 100 Ala. 200, 14 South. 9; *Tatum v. Yahn,* 130 Ala. 575, 29 South. 201; *Sellers v. Farmer,* 147 Ala. 448, 41 South. 291. It is granted without reserve that a decree establishing and enforcing against adult or infant a liability absorbing much of his estate, without giving him an opportunity to be heard and without proof of the existence of the liability, would not be entitled to respect as a judicial determination of his rights. But it has not as yet been decided that a decree rendered upon testimony duly noted so far as concerns the original notation, though not entered upon the minutes, deserves to take rank as an act wholly lacking in authority, or even that the failure of the clerical officer of the court to enter a memorandum of the testimony upon the minutes constitutes a defect of substance requiring a reversal on a bill of review for error of substance apparent. But, however questions of that extreme character may be decided when they arise, they may be pretermitted in this case, for we are of opinion upon the record here that a substantial compliance with the rule is shown. On the record it appears that there was a note of testimony and that it was recorded upon the minutes of the court. This note of testimony bears the date of the day of the last submission, and as matter of fact there is no reason whatever for supposing that the chancellor had it not before him when he came to make his de-

cree. He considered the evidence; his decree so recites, and otherwise he could not have rendered the decree for complainant in that cause. True, the pleader in this case avers that the note of testimony was enrolled upon the minutes after the adjournment of the term; but it was filed and became a paper in the cause on the day of the submission, the cause was held for decree in vacation as the statute permits and as is the common practice of chancellors, and the decree was rendered months afterwards. The only consideration of any importance was that it should be placed upon the permanent records of the court, and this the chancellor might have ordered at any rate before his decree was drawn into question. It was recorded, and if we felt inclined to go to the extreme length of holding that the chancellor was without power to make a decree on the evidence prior to its recordation, still the presumption must be that it was recorded in advance of the decree, for it is not averred, nor does the record show, that it was recorded afterwards. If we should hold that the circumstance of a delay beyond the term involved delay beyond the decree, and so find error of substance, we would find such error, not upon the face of the record, but as the result of a wanton assumption of fact dehors the record. We therefore hold that no error of substance in that regard has been made to appear.

(10) Again, it is urged the sale was decreed without providing for report and confirmation. After the register had reported in accordance with the decree of April 3, 1897, and after exceptions had been taken by the guardian ad litem, and heard and overruled by the court, it was on July 26, 1897, ordered adjudged, and decreed that, unless defendant should pay the amount so ascertained on or before November 1st, the

register should sell the land at public outcry for cash as provided in case of sales by the sheriff of real estate under execution, make a deed to the purchaser, and report his execution of the decree to the next term of the court. This could only have meant that the sale was to be made subject to confirmation, and the purchaser took with notice of the meaning and effect of the decree. Accordingly on a subsequent day the register reported his sale, and then the record shows: "July 25, 1898. Register's report read and by consent in open court is this day confirmed."

This, if not the better, is rather a common practice; and since the purchaser took title subject to confirmation by the court, it is impossible to see that the inverted order of the proceedings visited any injury upon the defendants, or any of them. The decree confirming the sale, as for this alleged error, would have been affirmed on appeal.—*Simmons v. Jones,* 84 Ala. 3 South. 895. There is more reason why it should not be reversed on a bill of review.—*Ashford v. Patton,* 70 Ala. 479; *Jordan v. Hardie,* 131 Ala. 72, 31 South. 504; *Vary v. Thompson,* 168 Ala. 367, 52 South. 951.

In this connection this complainant quotes from *Bank of the United States v. Ritchie,* 8 Pet. 128, 8 L. Ed. 890, where the bill was in nature of a bill of review, as follows: "It is a fatal error in the decree that it directs the conveyance to be made on the payment of the purchase money, without directing that the sale shall first 'be notified to and approved by' the court."

But let the facts in that case and the statute under which the court was acting be observed before finding in it a precedent to be followed in the case at bar. The decree there under review had been procured at the suit of creditors against the heirs at law of Richie, a

defendant fixing the value of the property at a greater sum is without

deceased debtor. Since complainant here places great store by the opinion in that case on the question now under consideration, and as well on that to which we shall next come, we will at this point quote enough of the text leading immediately up to the quotation with which complainant has favored us to show the true purport and effect of the decision. The court, speaking of the proceeding under review, said: "The justice of the claims made by the complainants is not established otherwise than by the acknowledgment of the infant defendants in their answer that, 'according to the belief and knowledge of their guardian, they are, as alleged in said bill, respectively due.'

. "The court ought not to have acted on this admission. The infants were incapable of making it, and the acknowledgment of the guardian, not on oath, was totally insufficent. The court ought to have required satisfactory proof of the justice of the claims, and to have established such as were just, before proceeding to sell the real estate.

· "Without knowing judicially that any debts existed, or the amount really due, or the value of the real estate, the court directed 'that the real estate of the said Ritchie, or such part thereof as may be necessary for the purpose, be sold, for the payment of debts of said Ritchie to complainants, and to such other creditors of said Ritchie, as shall come in and bear their proper proportions of the costs and expenses of this suit, and shall exhibit their claims, with the proper proof thereof, to the auditor hereunder appointed,' etc. The decree does not postpone the sale until the claims should be exhibited to the auditor, and, consequently, so far as other creditors were concerned, leaves the trustee without information as to the quantity of property it would

be his duty to sell. He accordingly sold the whole es-
tate.

"The eighth section of the law which authorizes the
sale of real estate descending to minors enacts 'that
all sales made by the authority of the chancellor under
this act, shall be notified to,'and confirmed by the chan-
cellor, before any conveyance of the property shall be
made.' This provision is totally disregarded. The sale
was never confirmed by the court; yet the conveyance
has been made."

Hence the court after using the language quoted by
complainant, held that there were radical errors on the
face of the decree, showing that the interests of the
infants had not been protected as was required by law
and usage. But the extract we have made from the
opinion will suffice, we think, without further comment,
to show that it is no authority for complainant's conten-
tion in the case at bar.

(11) We come in the last place to complainant's
insistence that the decree confirming the sale should
be set aside for the reason that the report of sale was con-
firmed by consent. We take the record which on this
point has been quoted, to show that the guardian did
consent. But does this lead to the conclusion, does it
even support an inference, that the infant defendants in
that matter had not the protection required by law and
the usage of the court? The fact necessary to a lien and
the amount of the indebtedness thereby secured had been
ascertained by a judicial process in which these facts
had been contested by the guardian at every point—here-
in differing from the procedure in *Hooper v. Har-
die*, 80 Ala. 114; *Mitchell v. Hardie*, 84 Ala. 349, 4
South. 182, and *Bank v. Ritchie, supra,* in which the
bill had in effect been confessed by the guardian. The

[Turner v. Turner.]

sale had been made in every respect as required by law. It was confirmed by the court. If we are to set it aside for the reason that the guardian did not object to its confirmation, we must proceed on the theory that on a bill of review no intendment whatever is to be indulged in favor of the court's action. But that is not the law, for error affecting the substantial merits of the result must appear. Or it must be held that the essentials of due judicial procedure require that in any case the guardian cannot discharge his duty without moving the court to put his ward to the hazard of another sale. We have no case that so holds. Counsel distinguished for his learning and familiarity with the books has cited none. We hence assume there is none. And the proposition in itself carries no appeal to our reason. It is therefore overruled.

Having failed to find from the record that complainant (appellant) has been condemned without due process of law, or that the former proceeding was affected by error going to the merits of the result decreed, the chancellor's decree holding the present bill to be devoid of equity will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.