# Ashford *v.* Patton.

*Bill of Review for Error Apparent.*

1. *Infant defendants; appointment of guardian ad litem, and defense by him.*—An infant defendant to a bill in equity must be represented by a guardian *ad litem*, appointed by the court; and it is the duty of such guardian to make proper defense of the rights and interests of the infant; but the complainant must prove, by independent evidence, every material fact on which his case depends, without regard to the character or sufficiency of the defense interposed by the guardian *ad litem*.

2. *Same; decree rendered on admissions of guardian; reversible error, and error apparent which will support bill of review.*—A decree against an

[Ashford v. Patton.]

infant defendant would be reversed on error or appeal, if the record affirmatively showed that it was rendered without any other evidence than the admissions of the guardian *ad litem*, whether contained in his answer, or made for the purposes of a hearing; and if this were shown by the decree itself, it would probably be error apparent, for which a bill of review would lie; but a recital in the decree, that the cause was submitted "on bill, answers, decree *pro confesso*, exhibits, and original bonds," does not show that the answer of the guardian *ad litem* was submitted or received as evidence.

3. *Bill of review for error apparent; error reversible on appeal.*—On bill of review, the court can not look into the record, to see whether there was error in the admission of evidence, or whether there was evidence sufficient to support the decree, though error in these particulars would work a reversal of the decree on appeal.

4. *Same; decree declaring vendor's lien; reference to register, and report.*—When the final decree declares a vendor's lien for the unpaid purchase-money of land, not stating the amount, but referring to the register's report as its basis, the report must be taken and construed as a part of the decree, and the informality is not an error which will support a bill of review; nor will a bill of review lie because the final decree was rendered before the confirmation of the register's report ascertaining the amount of purchase-money unpaid.

5. *Same; decree foreclosing mortgage, or declaring vendor's lien, and ordering sale, without reference to register.*—A bill of review does not lie on a decree for the foreclosure of a mortgage, and the sale of the mortgaged lands (or declaring a vendor's lien, and ordering a sale), when the lands have descended to infant heirs, because it was not referred to the register to ascertain whether a sale of the entire premises was necessary, unless it appears that injury may thereby have resulted to their rights or interests.

APPEAL from the Chancery Court of Limestone.

Heard before the Hon. H. C. SPEAKE.

The bill in this case was filed on the 22d August, 1876, by Thomas and Frederick Ashford, infant children and heirs at law of Thomas H. Ashford, deceased, against William R. Patton, and the widow and personal representative of said Thomas H. Ashford; and sought to review and reverse, on the ground of error apparent, a decree which said court had rendered on the 27th May, 1868, in a cause wherein said Patton was complainant, and the personal representative, widow and heirs at law of said Thomas H. Ashford were defendants. Patton's bill was filed on the 24th April, 1868, and sought to enforce a vendor's lien on a tract of land, which he had sold and conveyed to said Ashford on the 14th March, 1860, at the price of $17,130. The bill was verified by the complainant's own oath; and a copy of his deed to Ashford, and copies of the latter's two bonds, or notes under seal for the purchase-money, were made exhibits to the bill, "to which complainant prays leave of reference, with leave to produce the originals on the hearing of this cause." On the 8th May, 1868, a formal answer to the bill was filed by the administrator, requiring proof of its material allegations. At the ensuing May term, 1868, a decree *pro confesso* was regularly entered against the widow, and Jo-

[Ashford v. Patton.]

seph A. Moore was appointed guardian *ad litem* for the infant heirs, who are the complainants in the present suit; and he accepted the appointment, and filed an answer on the same day, stating therein "that he believes the facts set forth in the several paragraphs of said bill are true." On the same day, as the minute-entry recites, "came the complainant, by his solicitor, and, on motion, the cause is submitted on bill, answers, exhibits, and decree *pro confesso*, to be heard on to-morrow." The next minute-entry, as copied in the transcript, is without date, and in these words: "In this cause, an order was made to the register, to ascertain the amount of purchase-money due to the complainant on the land described in his bill; and the report of the register being read, it is ordered to lie over one day." The register's report, as set out in the transcript, was made on the 27th May, and showed the balance of the purchase-money due to be $12,230.35; but there is no order confirming it. The chancellor rendered his decree on the 27th May, 1868, as follows: "This cause came on to be heard, on bill, answers, decree *pro confesso*, and exhibits, and original bonds. Whereupon, it is ordered, adjudged, and decreed, that said William R. Patton has a vendor's lien upon the land described in his bill," describing it, "to the amount of the balance of purchase-money due to him for said lands, as shown by the original bond executed by said Thomas H. Ashford in his life-time, in payment for said lands, and exhibited in complainant's bill. It is further ordered, adjudged, and decreed, that it be referred to the register to ascertain and report the balance so due as aforesaid upon said two bonds, so given as aforesaid for the purchase-money of said lands, at the present term of the court. It is further ordered, adjudged, and decreed, that unless the defendants, or some one of them, shall pay off the said lien, with the interest thereon, and costs of this suit, by the 1st September next, the register of this court shall proceed to sell said tracts of land above described, in the town of Athens in said county, to the highest bidder for cash," &c. Under this decree, the lands were sold by the register on the 5th October, 1868, the complainant becoming the purchaser, at the price of $5,400; and the sale was confirmed by the chancellor, at the ensuing May term, 1869.

The bill of review assigned the following, as errors apparent in the decree and proceedings in the former cause: "1. That said decree was rendered on the admissions of their guardian *ad litem*, and without proof of the allegations of the bill. 2. That said decree establishes a vendor's lien on said land for no certain sum, but authorizes the register to sell the land, and pay said Patton whatever amount should be found by the register to be due him. 3. That there was no reference to the register,

31

[Ashford v. Patton.]

to ascertain how much, or what part of the land, it was necessary, or to the interest of your orators, to sell." The chancellor dismissed the bill of review, and his decree is now assigned as error.

CABANISS & WARD, and J. WHEELER, for appellants.

HUMES & GORDON, *contra*. (No briefs on file.)

BRICKELL, C. J.—In courts of equity, infant defendants must be represented by a guardian *ad litem* appointed by the court. The duty of the guardian is to put in proper defense for the infant; and he is responsible for the propriety and conduct of the defense, and is subject to the censure of the court, and to removal, if he neglects it.—*Knickerbocker v. De Forrest*, 2 Paige, 304. It is his special duty to submit, for the consideration and decision of the court, every question in the suit touching the rights and interests of the infant.—*Dow v. Jewell*, 21 N. H. 480. If there be not a necessity for an answer presenting a special defense, or stating the defense specially, it is sufficient that the guardian for the infant puts in a general answer, disclaiming all knowledge of the truth of the allegations of the bill, so far as they affect the infant, and submitting his rights and interests to the care and protection of the court. Whatever may be the character of the answer,—if, in dereliction of duty, the guardian should file an answer admitting the material allegations of the bill,—the complainant is still bound to prove, by independent evidence, every material fact upon which he relies, or which is essential to the relief prayed.—1 Dan. Ch. Pr. 170.

If it appeared upon the record that a court of equity had proceeded to a final decree against an infant, without any other evidence than the answer of a guardian *ad litem*, admitting the allegations of the bill, or upon no other evidence of material facts than his admissions, made for the purpose of a hearing, it would be error, for which the decree would on appeal be reversed; and probably, if this were shown by the decree, there would be error apparent, which would support a bill of review. *U. S. Bank v. Ritchie*, 8 Peters, 128. But we do not understand, from an examination of the decree in the present suit, that it was founded on the answer of the guardian *ad litem* admitting the allegations of the bill, or that the answer was submitted as evidence. The submission of the cause for hearing, it is recited, was on bill, answers, decrees *pro confesso*, exhibits, and original bonds. The hearing of a cause for final decree, in a court of equity, is, of necessity, upon the pleadings, whether so recited in the note or minute of its submission or not. The

[Ashford v. Patton.]

recital in the minute, that the pleadings were submitted, is the mere expression of that which would be intended in the absence of the recital. From the recital it can not be intended that the pleadings were submitted as evidence, or as such were received by the court. If that intendment was made from the recital found in this decree, as to the answer of the guardian *ad litem*, it would apply alike to the bill, and also to the answer of the administrator, which did not admit, but put in issue the truth of the allegations of the bill.

It is said, however, that the court must have received and acted on the answer of the guardian *ad litem*, for without it there is not evidence on which the decree could have been rendered. Whether there is evidence to support a decree, whether the court has misjudged the evidence, is not an inquiry which can be made on a bill of review. If in that respect the court errs, the error can be corrected only on appeal. There was evidence, the bonds and the instrument purporting to be a deed of the lands, bearing the same date with the bonds, which was submitted. The statute renders any written instrument, the foundation of suit, *prima facie* evidence of the debt or duty for which it purports to be given, and that it was made upon sufficient consideration. All such instruments are self-proving, unless the fact of execution is denied by verified plea. The statute applies alike to suits in equity and at law.—*Holman v. Bank of Norfolk*, 12 Ala. 369. The instrument purporting to be a deed is not valid as a conveyance of the legal estate, for want of attestation by witnesses, or an acknowledgment and certificate of execution. It may be an instrument of evidence, though inoperative as a conveyance. Without proof of its execution and delivery, it may not have been admissible as evidence. An error in the admission of evidence, or basing a decree upon inadmissible evidence, or error in rendering a decree contrary to the evidence, must be corrected by appeal: neither constitutes error apparent for which a bill of review can be maintained.—*McDougald v. Dougherty*, 39 Ala. 409; *Eaton v. Dickinson*, 3 Sneed, 397. The chancellor, it may be, deduced from the correspondence in date of the bonds and the instrument exhibited and given in evidence, the conclusion that the consideration of the bonds was the purchase-money of the lands described in the instrument. If that be true, the conclusion is not stated in the decree; and if it is not a legitimate conclusion, there is merely an erroneous decision of a question of fact, which is not ground for a bill of review.— *Whiting v. U. S. Bank*, 13 Peters. 6; *Evans v. Clement*, 14 Ill. 206; *Levi v. Blewitt*, 1 Dev. & Bat. Eq. 108; *Webb v. Pell*, 3 Paige, 368.

The second assignment of error in the bill of review is not supported by the record. There was a reference to the register, to as-

certain the amount of the purchase-money; and a report was made by the register, on the day the decree was rendered. The decree declares a lien on the lands for the unpaid balance of the purchase-money, in immediate connection with the reference to the register; and it is incapable of any other construction, than as being rendered for the amount reported by the register to be due and unpaid. Certainty is an essential element of a judgment or decree; and in itself it ought to be complete, without reference to anything else by which to ascertain its meaning. But, when the decree of a chancellor refers to a report of the register as its basis, the report must be taken and construed as part of the decree. Such, it is manifest, was the purpose of the chancellor in this case; and though the decree would have been more formal, if it had expressed the amount of the unpaid purchase-money, the want of form is not error available on a bill of review. The irregularity of rendering the decree before the confirmation of the report of the register, ascertaining the amount of the unpaid purchase-money, is not of the class of errors for which a bill of review will lie.—*McCall v. McCurdy*, at present term.

The third assignment of errors—the rendition of the decree of sale, without a reference to the register to ascertain and report whether a sale of the whole, or a part only of the lands, was necessary for the payment of the debt—can not be sustained.—*McCall v. McCurdy*, at present term.

The chancellor did not err in dismissing the bill, and his decree is affirmed.