159 So. 232

**BARROW v. LINDSEY.**

5 Div. 186.

Supreme Court of Alabama.

Jan. 31, 1935.

Rehearing Denied Feb. 21, 1935.

W. Howell Morrow, of Lanett, and Holley & Milner, of Wetumpka, for appellant.

Jacob A. Walker and O. P. Lee, both of Opelika, for appellee.

KNIGHT, Justice.

Bill in double aspects—one as a bill of review, and the other as an original bill in the nature of a bill of review, to impeach a decree of the chancery court obtained, so it is alleged, by fraud, accident, surprise, or mistake.

While some of the pleadings culminating in the decree attacked by the bill are brought forward in the bill now before us, confessedly the bill fails to present a complete record of the case, noticeably the decree. We have no reference, of course, to the omission of the evidence upon which the decree was rendered.

The record before us discloses that the respondent to the present bill filed thirty-nine "separate grounds of demurrer seeking to test said bill from several angles." This much appears from the decree of the court appealed from in this case. These demurrers do not appear in the record. The cause is before us on appeal from the decree of the court sustaining the demurrers to the bill.

■ The court sustained respondent's demurrers to the complaint, and in view of the fact that the grounds of demurrer do not ap-

pear in the record, we are required to search the pleading "to ascertain if a tenable ground of demurrer exists," and, if so, to sustain the decree of the court. Liverpool & London & Globe Ins. Co. v. McCree, 210 Ala. 559, 98 So. 880; Richardson v. Mertins, 175 Ala. 309, 57 So. 720; Leverett v. Garland, 206 Ala. 556, 90 So. 343; Vogler v. Manson, 200 Ala. 351, 76 So. 117.

■ The bill, as one of review, was clearly without equity. It discloses no error of law apparent upon the record. The record shows that the court rendering the decree had jurisdiction of the subject-matter, and confessedly, as shown by the record, acquired jurisdiction of the parties. The original bill of complaint, certainly, in some of its alternative grounds for relief, stated a cause of action, sufficient in law to justify the cancellation of the two deeds from J. N. Barrow, the husband, to his wife, the complainant here.

■ To support a bill of review for error of law apparent, "there must be error in substance, of prejudice to the party complaining, apparent on the face of the pleadings, proceedings or decree. * * * Comparing the decree with the pleadings and other proceedings, it must be apparent that the court has reached and declared an erroneous conclusion of law, as to the rights of the parties. Whatever of error other than this, which may have intervened—errors in the regularity of the proceedings, erroneous deductions from the evidence—must be corrected by writ of error, or by appeal; it is not the office of a bill of review to inquire into and correct them." McCall v. McCurdy, 69 Ala. 69–71; Jordan v. Hardie et al., 131 Ala. 72, 31 So. 504; Turner v. Turner, 193 Ala. 424, 69 So. 503.

■■ If the evidence, upon which the decree was rendered, had been brought forward in the present suit, we would not be permitted to consider it to see if it supported the conclusion of the court. We are bound to take the facts apparent upon the record as true, and the only question is whether, the facts being true, the decree is free from error. McDougald's Adm'r v. Dougherty, 39 Ala. 428; Smyth v. Fitzsimmons, 97 Ala. 458, 12 So. 48; Banks v. Long, 79 Ala. 319; Taylor et al. v. Crook, Adm'r, et al., 136 Ala. 354, 34 So. 905, 96 Am. St. Rep. 26.

"Whether there is evidence to support a decree, whether the court has misjudged the evidence, is not an inquiry which can be made on a bill of review. If in that respect the court errs, the error can be corrected only on appeal." Ashford v. Patton, 70 Ala. 483.

And we may here say that the record discloses that complainant had ample opportunity to have prosecuted an appeal, and have had this court to review the proceedings. However, such right and opportunity to appeal, though unavailed of, would be no barrier to the filing of a bill of review to correct errors of law apparent upon the record.

As a bill of review, the present bill is wholly wanting in equity. Assuming, as we must, that a proper demurrer was directed to this phase of the bill, the court properly sustained the same.

This brings us to a consideration of that phase of the bill which seeks to impeach the decree for fraud, accident, surprise, or mistake. The bill does not aver any fact tending in the remotest degree to show fraud in the procurement or rendition of the decree. The element of fraud may thus be here and now eliminated from further consideration.

Was the decree obtained through surprise, accident, or mistake, and, if so, was the complainant free from fault or negligence in allowing the decree to be entered, assuming that the complainant had a meritorious defense to the original suit? Confessedly, if the complainant's fault or negligence contributed to her present predicament, she cannot complain.

■ A court of equity has the undoubted jurisdiction to set aside a judgment at law procured through fraud, accident, or mistake, when the party complaining has a meritorious defense to the action, and was without fault or negligence himself in permitting the rendition of the judgment. Hanover Fire Ins. Co. v. Street, 228 Ala. 677, 154 So. 816; Evans v. Wilhite, 167 Ala. 587, 52 So. 845; Nixon v. Clear Creek Lumber Co., 150 Ala. 604, 43 So. 805, 9 L. R. A. (N. S.) 1255; Sharp v. Edwards, 203 Ala. 205, 82 So. 455; Fowler v. Fowler et al., 219 Ala. 453, 122 So. 440; Fowler v. Nash, 225 Ala. 613, 144 So. 831; Florence Gin Co. v. City of Florence, 226 Ala. 478, 147 So. 417. And this power, as we have above indicated, is possessed by a court of equity, over its own decree.

■ This court is committed to the proposition that relief against decrees in equity may be obtained by original bill in the nature of a bill of review. Ezzell et al. v. First National Bank of Russellville, 223 Ala. 353, 135 So. 582; Stover v. Hill, 208 Ala. 575, 94 So. 826; Ingram v. Alabama Power Co., 201 Ala. 13, 75 So. 304; Sharp v. Edwards, 203 Ala. 205, 82 So. 455; Davis v. Davis, 211 Ala. 317, 100 So. 345; Newlin Fernley & Co. v. McAfee, 64 Ala. 357.

In 21 Corpus Juris, § 933, p. 779, the author, on the subject of "Surprise, Accident or Mistake," observes: "While generally the remedy is by petition in the cause, yet, unless there is some statutory provision to the contrary, and except where plaintiff's own fault has contributed to his predicament, an original bill lies to impeach a decree obtained through surprise, accident or mistake."

■ We entertain no sort of doubt that a court of equity may, in a proper case, upon proper averment and proof, grant relief from a decree rendered in an equity court to the same extent, and upon the same grounds, that relief could be had from a judgment at law, obtained by fraud, accident, or mistake, unmixed with negligence on the part of the defendant in the judgment.

■ So the sole question is: Does the bill show that the complainant's predicament is not due, either in whole or in part, to her own fault or negligence?

In her effort to show that the decree was obtained by surprise, accident, or mistake, without fault or negligence on her part, the complainant makes the following averment (omitting name of attorney), and in this aspect of her case rests the equity of her bill thereon: "Fifth. Complainant further shows unto the court that she failed to answer said bill, as provided in said court's decree overruling the demurrer to said bill, and failed to make her defense by reason of fraud, accident, surprise or mistake, which consisted in this: That unknown to her, her attorney, * * * long prior to the expiration of said thirty days in which she was allowed to answer said bill, had become physically and mentally incompetent to act in and about representing her in said cause; that he [sic. by] reason of being ill and in great bodily pain, he had lost the power of recalling the business in and about which he was employed and engaged; that prior to the said time, the said * * * was a reputable attorney, practicing his profession in Lafayette, Chambers County, Alabama, and had the reputation of being an attorney who was skillful and who was attentive in and about representing his clients, but that the said * * * became incapacitated, as aforesaid, and said physical and mental incapacity of the said * * * continued up until January 1st, 1933. Complainant shows that she was entirely unaware of such incapacity of her said attorney and was unaware of the fact that he had not answered for her the said bill of complaint, or that the court had entered a final decree against her as aforesaid,

until after January 1, 1933, when she was advised that her lands had been advertised for sale under said decree."

The bill shows that the complainant resides in Chambers county, Ala.; that her attorney also resides in said county; that the original cause was filed in the circuit court of Chambers county, and the decree complained of was rendered in said court. The bill further shows that the bill in the original cause was filed on July 7, 1932; that the present complainant through her attorney filed demurrers thereto; that these demurrers were overruled by the court on September 26, 1932; that decrees pro confesso were rendered against respondents, including the present complainant, on November 14, 1932; and that the court entered the decree complained of on November 28, 1932.

The bill wholly fails to show that this complainant in any way concerned herself about the litigation, or the progress of the cause, other than to employ an attorney, from the filing of the bill down to about January, 1933, when she avers she learned of the decree against her.

Mr. Freeman, in his treatise on Judgments (Fifth Edition) vol. 1, p. 484, § 243, observes: "a party to a suit in court must give it the care and attention which a man of ordinary prudence usually bestows upon his *important business*. If he fails to do so he cannot obtain relief from a judgment resulting from his negligent failure to take the proceedings required for his protection. Even when he has employed counsel he cannot for that reason *cease to give further attention to the case*, but must furnish counsel with necessary information for his defense and do such other things as are necessary to properly present his case. It is not sufficient ground for relief that there was some misunderstanding, through which counsel failed to enter proper pleas, if the client was guilty of laches in not giving any attention to his case himself, and in failing to make any inquiry concerning it for a long period of time." (Italics supplied.)

The bill avers that complainant's solicitor had become ill, mentally and physically, and that he had become incapacitated long prior to the expiration of the thirty days given her in which to answer the bill, after her demurrers had been overruled by the court, and that "she was entirely unaware of such incapacity and was unaware of the fact that he had not answered for her the said bill of complaint, or that the court had entered final decree against her as aforesaid until after January 1st, 1933, when she was advised her lands had been advertised for sale under said decree." It may be ever so true that the complainant was entirely unaware of the condition of her attorney, and yet the bill is entirely silent as to what complainant did in order to keep in touch with her attorney and with the progress and status of her case. In not keeping track of her case, and in not knowing its status, can it be said that the complainant gave to the litigation the care and attention which a man of ordinary prudence would bestow upon an important business matter? That she was unaware of the condition of her attorney may be all true, and yet this ignorance on her part may nevertheless have been the result, and possibly was, of lack of reasonable diligence. Everything averred in the bill in this respect may be true, and yet complainant may have been culpably negligent in not being aware of the incapacity of her attorney. To repeat, it is not sufficient ground for relief that the attorney became ill, if an adequate opportunity would have been given her to secure other counsel, had complainant exercised reasonable diligence in ascertaining the facts with reference to her then attorney. In such a case, the failure to exercise such reasonable diligence would be negligence, closing the door of a court of equity against relief.

The law does not favor those who sleep upon their rights, but rather those who are vigilant, and give them proper attention. This is an ancient maxim, and has been frequently applied to cases of this kind. Jernigan v. Jernigan, 179 N. C. 237, 102 S. E. 310.

We do not wish to be understood, however, as holding that cases may not arise in which a court of equity will intervene, on proper bills filed, to grant relief from judgments obtained through accident, surprise, or mistake, due to the illness of attorneys. But in all such cases it must appear that, by the exercise of reasonable diligence, the party was unable to obtain other counsel and otherwise properly prepare for the adequate presentation of his case. Freeman on Judgments (5th Ed.) vol. 5, § 244, p. 488.

█ Construing the bill most strongly against the pleader, as we must do, the bill, if not otherwise defective, fails to show that the decree under attack was obtained without fault or negligence on the part of the complainant.

The bill was subject to demurrer, and we must assume, for the reason heretofore stated, that apt grounds of demurrer were directed thereto.

It follows that the decree of the circuit court is due to be, and is, affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.