17 So.2d 659

## OWENS v. OWENS.

7 Div. 764.

Supreme Court of Alabama.

April 20, 1944.

Roberts & Cunningham and Motley & Motley, all of Gadsden, for appellant.

486

Roy D. McCord, of Gadsden, for appellee.

**LIVINGSTON, Justice.**

This is a bill to review a decree of the Circuit Court of Etowah County, Alabama, In Equity, made and entered on the 26th day of March, 1943, in a divorce suit styled Portie G. Owens against Earron Lawson Owens.

On September 19, 1942, Portie G. Owens filed suit in the Circuit Court of Etowah County, Alabama, In Equity, against her husband, Earron Lawson Owens, seeking a divorce, temporary and permanent alimony, solicitor's fees and general relief.

On October 2, 1942, by an amendment to her original bill, Portie G. Owens alleged, in substance, that on March 30, 1942, she and her husband Earron Lawson Owens entered into what the parties termed a "property settlement agreement" under which the husband conveyed to the wife certain described personal property and agreed to pay to the wife the sum of $25 per week so long as she remained unmarried to any person other than Earron Lawson Owens, and in consideration of which the wife relinquished all claims to the earnings of the husband; that the husband had breached the agreement in failing to make the weekly payments. In the amendment she prayed that the court enter a decree confirming and ratifying the agreement; a decree for permanent alimony in the sum of $25 per week, and a decree for the unpaid balance due under the agreement, and for general relief.

On February 5, 1943, Earron Lawson Owens filed his answer denying each and every material allegation of the bill.

The note of testimony recites:

"In this cause plaintiff submits for final decree on her original bill and exhibits thereto.

"Also on deposition of I. A. Holmes, Portie G. Owens, Mrs. R. L. Robbins; also on all exhibits offered in evidence, all of which are offered in evidence.

"Defendant submits on his answer exhibits thereto, and deposition of E. L. Owens, all of which are offered in evidence."

On the 26th of March 1943, the court made and entered the following decree:

"This cause coming on to be heard was submitted to the court, for final decree, upon the pleadings and proof as noted by the Register, and after due consideration thereof, the court finds as follows:

"1. That the complainant is entitled to the relief prayed for in her amendment to her Bill of Complaint, in that she is entitled to permanent support and maintenance.

"2. The court further finds that the complainant is not entitled to a divorce as prayed for in her Original Bill of Complaint.

"3. The court further finds that the sum of Sixty and No/100 Dollars ($60.00) per month is a reasonable amount to be allowed the complainant for her separate maintenance and support.

"It Is Therefore Ordered, Adjudged and Decreed by the court, that the complainant have and recover of the defendant, the sum of Sixty and No/100 Dollars ($60.00) per month, for each and every month hereafter, until further ordered by the court. The said $60.00 per month shall begin on the 1st day of March, 1943, and the said defendant shall have until the 10th day of April, 1943, to pay said sum of $60.00, and the monthly payment of said sum of $60.00 shall be due and payable on the 10th day of each and every month after the 10th day of April, 1943, until further ordered by the court.

"It is further ordered, adjudged and decreed that complainant's request for a divorce in the prayer to her original Bill of Complaint, be and the same is hereby denied; and that the defendant be and he is hereby taxed with the costs of this proceeding.

"For all of which let execution or other legal process issue.

"This the 26th day of March, 1943."

No appeal was taken from this decree.

The bill of review now before us, filed on June 19, 1943, seeks to set aside the foregoing decree in so far as it orders the husband to pay to the wife the sum of $60 per month.

A bill of review is not a substitute for appeal or writ of error, and to support it, for error of law apparent, "There must be error in substance, of prejudice to the party complaining, apparent on the face of the pleadings, proceedings or decree. * * * Comparing the decree with the pleadings and other proceedings, it must be apparent that the court has reached and declared an erroneous conclusion of law, as to the rights of the parties. Whatever of error other than this, which may have intervened —errors in the regularity of the proceedings, erroneous deductions from the evidence—must be corrected by writ of error, or by appeal; it is not the office of a bill of review to inquire into and correct them." McCall v. McCurdy, 69 Ala. 65, 71, 72; Barrow v. Lindsey, 230 Ala. 45, 46, 159 So. 232.

In the instant case there is some question as to whether the amendment, filed in the divorce proceeding, was submitted to the trial court under the note of testimony filed in that cause.

An amended bill or an amendment to a bill is considered as a part of the original pleading and as constituting with it one record. It is only a continuation of the original bill. The real record is the original bill with the amendment, and the two amalgamated constitute the case of complainant. In other words, the court no longer looks into the original bill to ascertain the character of the relief sought, but to the new record, made up of the original and the amended bill, and deals exclusively with that. Amending the bill properly means no more than adding to or changing it within its original structure. American Freehold Land Mortgage Company v. Sewell, 92 Ala. 163, 9 So. 143; 13 L.R.A. 299; 19 Amer.Jur. 340, page 238; Middlebrooks v. Moore-Handley Hardware Co., 209 Ala. 526, 96 So. 410; Hawkins et al. v. Tanner, 243 Ala. 641, 11 So.2d 351. The note of testimony states, "Plaintiff submits for final decree on her original bill and exhibits thereto." The amendment was included in the submission.

Respondent's answer, in the divorce suit, was filed after the bill was amended. Therefore, the answer denies the amendment.

Of course, the evidence submitted by the parties in the divorce proceeding is not now before us and is not reviewable in the instant case. Whether there is evidence to support a decree, whether the court has misjudged the evidence, is not an inquiry which can be made on a bill of review. If in that respect the court errs, the error can be corrected only on appeal. Ashford v. Patton, 70 Ala. 479, 483; Barrow v. Lindsey, supra.

There is no error of law apparent on the record of the original proceeding for divorce, and as a consequence the bill of review cannot be sustained.

In dismissing complainant's bill of review, the trial court committed no error to reverse.

Affirmed.

GARDNER, C. J., and BOULDIN, FOSTER, and STAKELY, JJ., concur.