46 So.2d 830

### ADAMS CONST. CO. v. ADAMS.
### 6 Div. 700.

Supreme Court of Alabama.
Feb. 9, 1950.

Rehearing Denied June 30, 1950.

Wm. S. Pritchard, Victor H. Smith and Pritchard & McCall, all of Birmingham, for appellants.

Morel Montgomery, Atwell J. Brown and Howze & Brown, all of Birmingham, for appellee.

LAWSON, Justice.

This is an appeal from a decree appointing a receiver for Adams Construction Company, a corporation organized under the laws of Alabama.

The appointment was made by the circuit court, in equity, on the bill of Clarence E. Adams, the owner of one third of its capital stock and the vice-president and a director of the corporation. The other stockholders were J. M. Wainwright and W. K. Dean, who each owned one third of the stock; Wainwright was president and Dean was secretary-treasurer, and both were directors.

The corporation was organized in September, 1946, with twenty-one shares, so that each of the three were to own seven shares. Adams paid for .his interest by transferring to the company a truck valued at $700. Wainwright and Dean paid for their interest by transferring to the company machinery and equipment for construction operations valued at approximately $19,000, of which $1400 was to be used for that purpose and the balance was represented by a note from the company to Wainwright and Dean payable on or before eighteen months from date. A large part of said amount is still unpaid.

The bill was filed by Adams, alleging fraud and mismanagement by Wainwright and Dean, prohibiting Adams from having part in the management of the corporation, and wasting its assets and operating it for their benefit. They had several real estate developments which required the use of such machinery and equipment. While the complainant contended that it was the purpose of the incorporators that the Adams Construction Company should lease its machinery and equipment to the general public at OPA ceiling prices (according to his testimony, such procedure would amount to much more at the end of a year than the cost of such machinery), the respondents maintained that when the construction company was incorporated, Dean and Wainwright were actively engaged in laying out certain real estate subdivisions and had plans under way for other such subdivisions, the development of which required the use of such equipment, which had been previously owned outright by them, and that complainant had been working on a weekly salary for one or more of such enterprises, and that his salary was increased after incorporation; that it was agreed that payments would be made by the company to the bank from which Dean and Wainwright had borrowed the money to pay for such equipment, as their notes were due, and it was contemplated that the work on the Dean and Wainwright enterprises would be completed within the eighteen-months term of the note, and such equipment owned by the construction company free of debt when it could lease such equipment to the general public or engage in the general contracting business.

The bill prayed for the appointment of a receiver *pendente lite*; that a full statement of the affairs of the corporation as affects the fraudulent disposition and maladministration of the corporation's properties be ordered for the benefit of complainant and respondent corporation; that said corporation be dissolved and assets marshaled and a statement by the register of what indebtedness, if any, is due respondent corporation from said Wainwright and Dean, and for general relief.

The cause was heard on motion for the appointment of a receiver, on the bill and affidavits and testimony of witnesses given ore tenus before the trial judge. He incorporated in his decree what may be called a prima facie finding of such material facts as affect the matter of such appointment. He found that neither party was entirely blameless, but their original entente cordiale had been entirely destroyed, with no prospects of a fair solution; that the corporation was then either insolvent or its present tendency is toward insolvency, and is being managed for the direct and indirect benefit of Wainwright and Dean, rather than for all.

The court then appointed a receiver *pendente lite*, conditioned upon complainant executing bond in the sum of $5,000, requiring the receiver to execute bond in the sum of $20,000. The court further ordered as follows: "Pending a final determination of this litigation, or further orders of this Court, said Receiver is authorized and directed to take over all the assets of the corporation, including its books of account, bank books and bank accounts, machinery of every kind and description and all other property of whatsoever nature and to hold the same subject to the orders of this Court. Provided however, that he may engage in operating pending further orders of this Court to the extent that said machinery may be leased out or rented on a week to week or month to month basis and to do all other matters necessarily incident to said rental or to said Receivership pendente lite. Provided further that priority of rental privileges for necessary machinery, pending this litigation, shall be in the respondent corporations other than Adams Construction Company, on such building projects as they, or either of them, may now have under construction, but incompleted, at such rent as said receiver may determine to be fair and reasonable. Said corporation renting said machinery,' or any part thereof, until further determination and orders by the Court shall be required to pay on rental account only such an amount as shall equal the monthly installments coming due on the several purchase money notes executed to evidence the unpaid balance thereon."

So that we cannot see where there should be irreparable injury to result to Wainwright and Dean by reason of said order, especially since the receiver is directed to recognize their claim to a prior right to hire said machinery from him, and further to carry out in substance the contention of Wainwright and Dean as to their version of the terms of the contract with complainant and the corporation as to the manner of paying Wainwright and Dean the balance unpaid on its note to them.

Section 106, Title 10, Code, authorizes the appointment of a receiver of a corporation which is insolvent. We think the court cannot be said to have abused its discretion in the appointment of the receiver in the light of the requirements of the order doing so.

We think it would be better to allow the order to stand as set up and await the further orders of the court as changing circumstances, if any, may justify, or until the final decree of the court. Albritton v. Lott-Blacksher Commission Co., 167 Ala. 541, 52 So. 653; Preuit v. Wallace, 238 Ala. 162, 189 So. 887; Hunter v. Parkman, 250 Ala. 312, 34 So.2d 221.

Of course, there must presently appear a reasonable probability that complainant will ultimately succeed. Hunter v. Parkman, supra; Preuit v. Wallace, supra.

The trial judge was evidently so impressed upon the evidence, which was in some material respects ore tenus.

We are not willing to overturn his holding in that respect.

Affirmed.

FOSTER, LIVINGSTON, SIMPSON, and STAKELY, JJ., concur.