90 So.2d 217

**T. M. NESBITT, Jr.**

v.

**John G. HAGAN et al.**

**3 Div. 746.**

Supreme Court of Alabama.

Sept. 6, 1956.

Rehearing Denied Nov. 15, 1956.

Winston B. McCall, Victor H. Smith and Pritchard, McCall & Jones, Birmingham, for appellant.

Ben Hardeman, L. H. Waller and Cates & Huddleston, Montgomery, for appellees.

SIMPSON, Justice.

This is a consolidation of three appeals taken from decrees of the trial court, sitting in equity, sustaining demurrers to a bill of review.

The bill of review sought to attack as void a final decree on the merits rendered by the Circuit Court of Montgomery County, in Equity, in a case styled Thomason v. Hagan. That original suit, contrary to the contention of the appellant, not only was a derivative action by a minority of the stockholders seeking to recover of Hagan, President of the corporation (American Manufacturing Company, Inc.), certain alleged ill-gotten gains, but also embodied an alternative prayer which, in effect, asked for a dissolution of the corporation if the court should conclude that the alleged mismanagement, fraud, maladministration and manipulation by said Hagan shall have made insolvency of the corporation imminent. This latter alternative prayed for an accounting against Hagan and a restitution of the funds alleged to have been unlawfully obtained by him, and if the same were not sufficient to assure the corporation's continued operation that a receiver be appointed to sell and distribute the assets. There was also a prayer for general relief. To this original bill Hagan and other respondents demurred. They also answered.

Thereafter all of the parties to the cause filed an instrument in writing designated "Report of settlement and agreement to dismiss." The court ordered the matter to lie over for ten days and ordered notice to be given to all owners of the common stock by publication and by United States mail. The final decree, which is the decree under attack by the instant bill of review, recites that notice of the hearing on the "settlement and agreement to dismiss" was given to all stockholders and that ten days had elapsed with no objections having been filed. The decree then proceeded to find that it was a class action filed on behalf of the complainants individually and as representatives of all of the stockholders of the corporation, and that the complainants, before the court, fairly and equitably represented the interests of all of the stockholders of the corporation. The decree further shows that oral testimony was taken before the court and that on such

testimony the court found that the proposed settlement was in the best interest both of the stockholders and the corporation. The court then approved the settlement and dismissed the cause with prejudice.

The present bill alleges the complainant did not receive the notice of the proposed settlement until after the decree was rendered. The decree, in accordance with the agreement, provided that the respondent in the suit pay a certain sum of money into a trust fund to be held by a disinterested third party and that said sum of money be paid to the minority stockholders ratably in exchange for their stock in the corporation. The decree further recited:

"Said trust is created in lieu of a constructive trust of speculative value and to avoid the circuitousness, delay, risk and expense to the complainants of a dissolution of American Manufacturing Company, Inc. with delayed distribution of the avails thereof and is further established for the protection of the stockholders to whom actual notice cannot be given by any convenient or practicable reasonable means and stockholders, who for any reason, cannot decide, or are unable to accept, or who do not accept, the offer to sell within the period aforesaid, it being considered that, if such fund were not created, and that, if the offer to purchase were not made, that, save for only such recovery, if any, as might be obtained through litigation, the value of the stock of said owners might well have been further diminished."

The substance and effect of the decree responsive to the allegations of the bill and the stated agreement approved after an oral hearing before the court is that by reason of the alleged dissension between the management and the complaining stockholders, and the scheme on the part of Hagan to wreck the corporation and dissipate its assets and his covinous mismanagement, the rights of the complainants having been put in imminent peril, rather than appoint a receiver and undertake a dissolution of the corporation, it was to the best interest that the corporation be, in effect, dissolved so far as the complainant stockholders were concerned by the method outlined in the decree.

■ It is well settled law in Alabama that a receiver may be appointed by the equity court on bill by minority stockholders if, among other reasons, there are such dissensions among the management or there is a scheme to wreck the corporation and dissipate its assets, or when by fraud, conspiracy or covinous conduct or extreme mismanagement rights of minority stockholders are put in imminent peril or it is necessary to prevent fraud or preserve the corporation from threatening destruction. Van Antwerp Realty Corp. v. Cooke, 230 Ala. 535(2, 3), 162 So. 97; and cases cited. See also Adams Construction Co. v. Adams, 254 Ala. 71, 46 So.2d 830.

■ The appellant (complainant in the bill of review) owned a few shares (¼ of 1%) of the stock in the corporation, but, resting on the fact that he had not received the notice ordered by the court, he refused to exchange his stock for the stipulated price, although he knew of the provisions of the decree in the original suit a few days after it was rendered and had ample time to appeal. But, of course, such a right and opportunity to appeal, although unavailed of, would be no barrier to the filing of a bill of review to correct errors of law apparent upon the record. Barrow v. Lindsey, 230 Ala. 45, 159 So. 232.

■ However, a bill of review is not a substitute for an appeal, and to support it there must be error of substance of prejudice to the complaining party on the face of the pleadings, proceedings, or decree. Comparing the decree with the pleading and other proceedings, it must be apparent

**217**

that the court reached and declared an erroneous conclusion of law as to the rights of the parties. Other errors such as irregularities in proceedings and improper deductions from evidence, must be corrected by appeal or writ of error. Barrow v. Lindsey, supra; Owens v. Owens, 245 Ala. 485, 17 So.2d 659.

The bill of review under consideration has two main contentions. These are: (1) That appellant was not a party to the original suit, therefore his rights were not adjudicated, and (2) even if he were a party to the original suit, the decree rendered now under attack was not responsive to the pleadings in that suit thereby making the decree void. The appellees filed a demurrer to the bill of review which was sustained.

A demurrer is the proper method to test the sufficiency of such a bill of review. Wiggins Estate Company v. Jeffery, 246 Ala. 183, 19 So.2d 769; Clements v. Clements, 200 Ala. 529, 76 So. 855.

The capacity in which the complainants brought the original suit is provided for in Equity Rule 31, Code 1940, Tit. 7 Appendix. The rule, as pertinent, provides:

"(a) Representation. If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued, when the character of the right sought to be enforced for or against the class is

"(1) joint, or common, or secondary in the sense that the owner of a primary right refuses to enforce that right and a member of the class thereby becomes entitled to enforce it; * *.

"(b) Dismissal or Compromise. A class action shall not be dismissed or compromised without the approval of the court. If the right sought to be enforced is one defined in para-graph (1) of subdivision (a) of this Rule notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs."

The original bill was brought squarely within the purview of the foregoing provisions with respect to class actions. The averment that "the complainants bring this action individually in their own names, and on behalf of all the stockholders of said corporation who are too numerous to be named as parties thereto" and the finding by the trial court on oral testimony that the original bill was a class action and that the complainants before the court fairly and equitably represented all of the stockholders (which included the appellant) was sufficient to bring the bill within the influence of the foregoing provisions of Equity Rule 31 as well as Equity Rule 30. When persons are members of a class who have the right to a common relief and there is a common question of law or fact affecting their several rights, and persons constituting the class are so numerous as to make it impracticable to bring them all before the court, such of them as will fairly insure the adequate representation of all may sue on behalf of all. City of Birmingham v. Fairview Home Owners Association, 259 Ala. 500, 66 So.2d 775; Decatur Land Company v. Robinson, 184 Ala. 322, 63 So. 522. The appellant was, therefore, before the court in the original suit and his rights were adjudicated at that time.

The consent decree in the original bill was rendered by the court after strict compliance with Equity Rule 31(b), supra. Notice was given to all the stockholders both by publication and by United States mail. Since the appellant was a represented party in the original suit, he cannot now complain about the consent decree. When a consent decree is rendered, there is a waiver of error and the consent decree generally can be only challenged by a bill in the nature of a bill of review on

grounds of fraud or mistake working injury to the complainant. Jones v. Henderson, 228 Ala. 273(12), 153 So. 214; Cowley v. Farrow, 193 Ala. 381, 69 So. 114. Such is not the status of the instant bill.

 But the appellant argues that the consent decree, which, in effect, was a substitute for a dissolution of the corporation insofar as the stockholders except Hagan were concerned, was not responsive to the original bill because the bill was a simple stockholders derivative suit seeking to recover for the corporation the ill-gotten gains from its president, Hagan. As pointed out above, there was another alternative of the bill which prayed for a receiver and, in effect, for a dissolution of the corporation should, on review of the evidence, the trial court find that insolvency of the corporation was imminent. The agreement and decree rendered thereon is in thorough accord with that phase of the original bill, and the recitals in the decree show that had not the agreement been approved by the decree, there was grave danger on account of the financial condition of the corporation that the corporation would be wrecked within a few months.

As we view it, the decree was but a short cut to achieve an inexpensive dissolution of the corporation and save the minority stockholders (all of the complainants including the appellant here) from more loss. Equity would indeed be a sophistical handmaiden of justice if impotent to achieve this manner of settlement for minority stockholders rather than dissipate the assets of the corporation working loss to the stockholders by going through the tedious processes of dissolution or allowing the corporation to become insolvent pending the outcome of the derivative suit against its president.

Laches was also raised and argued here as one ground to bar relief, but in view of the conclusion reached, we forego treating the question.

We think the decree in the original suit was responsive to the pleadings and well sustained both by reason and authority.

Affirmed.

GOODWYN, MERRILL and SPANN, JJ., concur.