101 So.2d 284

**Frank BYRD**

v.

**Early MALONE.**

**I Div. 759.**

Supreme Court of Alabama.

March 6, 1958.

Vincent F. Kilborn and Benjamin H. Kilborn, Mobile, for appellant.

D. R. Coley, Jr., Mobile, for appellee.

GOODWYN, Justice.

This is an appeal from a decree of the circuit court of Mobile County, in equity, sustaining appellee's demurrer to appellant's bill of review for error apparent on the face of the record.

The bill of review alleges that the complainant (appellant) is the owner of the following real property: The east half of the southeast quarter of section 1, township 1 south, range 4 west; that respondent (appellee) is the owner of the following described real property adjoining complainant's lands, to-wit: The north half of the southwest quarter of section 6, township 1 south, range 3 west; that "a dispute arose between complainant and respondent concerning the Range and Section line dividing complainant's land * * * from respondent's lands"; that "to settle and adjust the location, complainant filed in this court a bill to settle the dispute against respondent, entitled Frank Byrd, complainant v. Early Malone, respondent, being cause No. 35,592–G, lately pending in this court"; that "the foregoing cause coming on to be heard before the court, the court heard the same on the complainant's bill and the answer and cross-bill of respondent and rendered its decree herein on October 24, 1955." A true and correct copy of the final decree in that cause is annexed to the bill

as an exhibit and made a part thereof. The bill of review also alleges the following:

"The aforesaid decree is erroneous and a nullity in the face of the proceedings in this:

"That the Government surveys, corners, section lines, etc., are fixed and established by the surveys themselves, and while the Court, when monuments are lost or misplaced, may cause the same to be located, based upon the official Government field notes, however, neither private persons, by agreement or recognition, nor the Court, by a decree, may fix or locate the section lines elsewhere than as shown by the official Government surveys and field notes. Notwithstanding the foregoing, the Court by its decree did fix, find and determine the section line between the properties of Complainant and those of Respondent was the boundary line and then did, by its decree, find the location of the section line to be not the line as located on the Government surveys and shown by the field notes, but found and declared as follows:

"'* * * that for more than forty years the parties and their predecessors in title had recognized as the section line separating their respective properties a line described in Paragraph Four of the cross-bill, to-wit: (here followed description of the alleged recognized line) * * *'

"The Court further observed that

"'* * * said line has been recognized as the West line of Section 6, Township 1 South, Range 3 West, and the East line of Section 1, Township 1 South, Range 4 West, by the property owners and residents of the community wherein the land is situated, for more than forty years, and until recently.'

"On the basis of the foregoing findings by the Court, the Court decreed that the true line separating the properties of the Complainant and the Respondent, being the section line separating their properties, was the line allegedly recognized by the parties and described in the cross-bill.

"Moreover, the Complainant avers that in determining the section line, the same must be determined by the Government surveys and field notes, and the Court in error sought to determine the dividing line as being a line allegedly recognized by the parties rather than the true section line.

"* * * * * *

"* * * [T]hat the judgment entered in said cause Number 35,592–G is void for that as a matter of law the Court was without jurisdiction to fix a boundary line in this fashion, namely: The Court was without jurisdiction as a matter of law to fix a Section Line. The Court was empowered only to direct a surveyor to locate the Section Line according to the Government's Field Notes and Surveys and had no authority to attempt by a decree to move a Section Line."

■ It is to be noted that the only portion of the record in cause No. 35,592–G included in the bill of review is the final decree, which granted to appellee the relief prayed for in his cross-bill. In failing to set out the other proceedings and pleadings (not including the evidence) in the original cause, the bill of review is rendered defective. In Snead v. Lee, 218 Ala. 44, 46, 117 So. 469, 470, this court, per Sayre, J., had this to say:

"Bills of review have been the subject of frequent consideration in this court. Of them in a general way it will be enough to say at this time that the error to be reviewed must be error in substance, of prejudice to the party complaining, apparent on the face of the pleadings, proceedings, or decree. 'Comparing the decree with the pleadings and other proceedings, it must be

apparent that the court has reached and declared an erroneous conclusion of law, as to the rights of the parties.' McCall v. McCurdy, 69 Ala. 65. 'In favor of the correct ruling of the chancellor, we must indulge every reasonable presumption which the record does not affirmatively repel.' Goldsby v. Goldsby, 67 Ala. [560] 564. The evidence noted in the original cause cannot be considered. Turner v. Turner, 193 Ala. 424, 69 So. 503; McDougald v. Dougherty, 39 Ala. 409.

"The bill now under consideration exhibits the bill in the original cause, an amendment, service of which purports to have been accepted by this complainant, the original defendant, decree pro confesso, and final decree upon pleadings and proof ordering the property sold for division between the parties. It is averred that the property was, under an order of court, sold and conveyed to the original complainant for the sum of $2,000, of which $1,750 was decreed to original complainant as compensation for improvements, $200 to original complainant's counsel, and $50 to the payment of costs, thus, if we may look to these averments, disclosing the fact that the present complainant had been improved out of his entire interest in the property. *But there is no averment that these exhibits constitute the entire record in the original cause.* The necessary inference is that the exhibits do not constitute the entire record, the additional averments with reference to the sale of the property and the application of the proceeds being mere conclusions of the pleader the propriety of which should have been shown by a copy or copies of the pleading and proceedings exhibited with the bill. In this respect the bill of review is defective. *It should have shown all the proceedings and pleadings in the original cause. The court must be able to see clearly and confidently from the face of the record (not including the evidence) that error has been committed to the prejudice of the complainant in the bill of review.* Goldsby v. Goldsby, supra; Taylor v. Crook, 136 Ala. [354] 377, 34 So. 905, 96 Am.St.Rep. 26." [Emphasis supplied.]

See, also, Nesbitt v. Hagan, 265 Ala. 213, 216–217, 90 So.2d 217; Cook v. Whitehead, 255 Ala. 401, 409, 51 So.2d 886; Rochelle v. Rochelle, 237 Ala. 530, 532, 187 So. 451; Barrow v. Lindsey, 230 Ala. 45, 46, 159 So. 232; Taylor v. Crook, 136 Ala. 354, 377, 34 So. 905, 906 Am.St.Rep. 26; McCall v. McCurdy, 69 Ala. 65, 71–72; Goldsby v. Goldsby, 67 Ala. 560, 561–564, supra.

■■ A demurrer is the proper method to test the sufficiency of such a bill of review. Nesbitt v. Hagan, supra; Wiggins Estate Co. v. Jeffery, 246 Ala. 183, 185, 19 So.2d 769. And a demurrer to such bill is a single entity and is properly sustained if one ground thereof is good. Faust v. Ragsdale, 253 Ala. 424, 425, 44 So.2d 580.

The trial court did not err in sustaining the demurrer to the bill of review.

Affirmed.

LIVINGSTON, C. J., and LAWSON, MERRILL and COLEMAN, JJ., concur.