265 So.2d 112

**Raymond THOMASON, Sr., et al.**

v.

**Morris A. BURKETT, as Receiver of the National Capitol Life Insurance Co.**

**3 Div. 495.**

Supreme Court of Alabama.

June 29, 1972.

Frank W. Riggs, Montgomery, for appellants.

Steiner, Crum & Baker, and M. R. Nachman, Jr., Montgomery, for appellee.

HEFLIN, Chief Justice.

This case, originally assigned to another member of this court, was reassigned to the writer on May 4, 1972.

Appellee-complainant Morris A. Burkett, as the Receiver of the National Capitol Life Insurance Company (who may herein be referred to as Receiver), brought suit in equity against a number of respondents, including the appellants Raymond Thomason, Sr., Raymond Thomason, Jr. and Monty D. Thomason, individually and doing business as Thomason Partnership and as Thomason Enterprises (who may hereinafter be referred to as Thomasons), alleging a fraudulent conversion of company assets. The bill of complaint sought an accounting and a return of the assets. The Thomasons and the Receiver entered into a written settlement agreement which was signed by their lawyers and presented to the court below. The lower court on October 6, 1970, approved the settlement and entered a consent decree which incorporated the terms of the settlement agreement

providing, among other things, that the Thomasons should pay the Receiver the sum of $120,000.00 in four (4) installments and transfer their interest in American Reserve Life Insurance Company to the Receiver.

On February 4, 1971, the Thomasons filed a bill of review seeking to have the consent decree set aside and the return of the first installment, i. e., $35,000.00, paid under that decree. The bill of review averred the Thomasons understood they would have the permission, assistance and cooperation of the Receiver in seeking and securing contributions of money from Daniel T. Sorrells, Thomas Porter West, Edward W. Fish, James Dillinger and Syd Osterhout (who had been connected with the defunct insurance company); that there had not been a meeting of the minds between the Thomasons and the Receiver in this aspect since the Receiver did not understand that the continued freedom of the Thomasons to seek contributions from the above-named individuals was a condition of the Thomasons' agreement to pay the second installment; that the Thomasons had no funds available to pay the second installment and had no means of securing money other than from contributions from the above-named individuals, which the Receiver knew; that the Thomasons had been injured through the failure of the parties to have a meeting of the minds in this aspect because they had made the first installment payment and had further transferred their interest in the American Reserve Life Insurance Company to the Receiver; and that because of the failure to have a meeting of the minds of the parties in this regard and the alleged resulting injury, the settlement agreement and consent decree were null and void.

The lower court sustained demurrers filed by the Receiver-appellee. The Thomasons amended their bill of complaint four times. Each time the demurrers were sustained to the amended bill of complaint. The Receiver, after filing his demurrers to the bill of review, as last amended, moved to strike the bill.

The trial court in its final decree stated, among other things, the following:

"The Court has considered the bill of review as amended, the motion to strike and the demurrer thereto. This Court has sustained demurrers to the original bill of review filed herein and three amendments thereto. In sustaining the Complainant's demurrers to the bill of review as amended for the third time, this Court in its decree of April 29, 1971, allowed the Respondents to file further pleadings if they so desired within ten days from the date of said decree. On May 10, 1971, the Respondents filed the bill of review as amended for the fourth time, and this Court is of the opinion and finds that the said amended bill of review contains substantially the same allegations as in the third amended bill of review and contains no substantial or material new allegations which show an equitable right in the Respondents. This Court is of the opinion and finds that the said demurrers are well taken and should be sustained and the said motion to strike is due to be granted.

"NOW, THEREFORE, it is CONSIDERED, ORDERED, ADJUDGED AND DECREED that the said demurrers to the said amended bill of review be and the same are hereby sustained and that the motion to strike is granted. It is further ORDERED, ADJUDGED AND DECREED that the bill of review as last amended be and the same is hereby dismissed with prejudice and all costs incurred herein be and they are hereby taxed against Respondents, for all of which let execution issue.

"DONE this 12th day of May, 1971."

The appellants Thomasons assign as error the sustaining of the demurrers to the bill of review and each amended bill and the granting of the motion to strike.

█ In considering this appeal this court must first determine whether or not the bill

of review contained equity which determination necessarily involves the extent to which a consent decree may be set aside by a bill of review since a demurrer is the proper method of testing the sufficiency of a bill of review. Nesbitt v. Hagan, 265 Ala. 213, 216–217, 90 So.2d 217. One of the inquiries involved in this determination must be directed to the following: Where a consent decree calls for the unconditional payment of money in installments, can a party have the consent decree set aside because there was a failure to have a meeting of the minds as to where the money would come from?

This court has long adhered to the principle of law as set forth in Adler v. Van Kirk Land & Construction Co., 114 Ala. 551, 561, 21 So. 490, 493:

"In the absence of fraud in its procurement, and between *parties sui juris*, who are competent to make the consent, not standing in confidential relations to each other, a judgment or decree of a court having jurisdiction of the subject-matter, rendered by consent of parties, though without any ascertainment by the court of the truth of the facts averred, is, according to the great weight of American authority, as binding and conclusive between the parties and their privies as if the suit had been an adversary one, and the conclusions embodied in the decree had been rendered upon controverted issues of fact and a due consideration thereof by the court. Freem. Judgm. § 330; 2 Black on Judgm. § 705; Gifford v. Thorn, 9 N.J.Eq. (1 Stock.) [702], 722; French v. Shotwell, 5 Johns.Ch. 568; Walsh v. Walsh, 116 Mass. [377] 383; Dunman v. Hartwell, 60 Am.Dec. 177; Nashville, etc., R. Co. v. U. S., 113 U.S. 261, 5 S.Ct. 460 [28 L. Ed. 97]; Curry v. Peebles, 83 Ala. [225] 228, 3 So. 622; Rogers v. [Prattville] Manufacturing Co. No. 1, 81 Ala. 483, 1 So. 643; Patillo v. Taylor, 83 Ala. [230] 233, 3 So. 558. (Emphasis supplied).

"The fact that the decree in the foreclosure suit was rendered by consent of parties does not, therefore, detract from its dignity, or lessen its conclusiveness, as an adjudication between the parties. Not only is such its effect, but the consent is a waiver of error, precluding a review of the decree upon appeal, and, as a general rule, upon a bill of review. Thompson v. Maxwell, 95 U.S. 391 [24 L.Ed. 481]; Nashville, etc., R. Co. v. U. S., 113 U.S. 266, 5 S.Ct. 460 [28 L.Ed. 97]; 2 Dan.Ch.Pl. & Prac. (5th Am. Ed.) p. 1576; Dunman v. Hartwell, 60 Am.Dec. 176; Curry v. Peebles, 83 Ala. 227, 3 So. 622."

Again in Nixon v. Nixon, 245 Ala. 43, 46, 15 So.2d 561, 563 this court held:

"A consent decree stands on still stronger grounds. It is contractual in character. If, in the contract, the party complaining has assented to provisions subject to attack by third persons, this does not clothe him or her with the right to rescind as against the other parties. When entered as a consent decree, there is a waiver of errors, and, as a general rule, the decree can be challenged by bill of review only upon the ground of fraud or mistake, working injury to complainant."

Freeman, in his treatise on Judgments (Fifth Edition) vol. 1, p. 484, § 243, observes:

"A party to a suit in court must give it the care and attention which a man of ordinary prudence usually bestows upon his important business. If he fails to do so he cannot obtain relief from a judgment resulting from his negligent failure to take the proceedings required for his protection. . . ."

This portion of Freeman on Judgments was quoted in the Alabama case of Barrow v. Lindsey, 230 Ala. 45, 48, 159 So. 232, as well as other portions therefrom. While this was cited under a different factual situation it is applicable in this instance.

 In keeping with these authorities it is incumbent on the paying party to be sure that there is a meeting of the minds of the parties pertaining to all necessary prerequisites pertaining to the payment of money installments. It is likewise essential that the paying party be certain the consent decree contains all necessary conditions precedent concerning the cooperation, assistance and permission of the payee pertaining to the acquisition of funds to pay the installments. These are matters which a man of ordinary prudence should consider as important business and certainly should take the necessary steps required for his protection. When he fails to do so he cannot obtain relief as is sought in this case. Besides, the Thomasons and the Receiver were parties sui juris and represented by counsel.

It is also interesting to note that there are no averments in the bill of review or in any of the amendments thereto that such contributions could have been obtained had the Receiver given his permission, assistance and cooperation. From aught that appears from the averments any such prospective contributions were of a voluntary character. Further, there were no averments the Thomasons were prejudiced or hindered by the Receiver in any manner or form in seeking such contributions.

 In the second, third and fourth amendments to the bill of review the Thomasons averred that the Receiver subsequently agreed the Thomasons could seek contributions from all or some of the heretofore named individuals but that such subsequent agreement was of no benefit since the lapse of time made it impossible for the Thomasons to secure such contributions now. Such averments are lacking in clarity but it is assumed that following the filing of the bill of review the Receiver agreed that the Thomasons could have complete freedom in seeking such contributions. If a bill of review is insufficient to vacate a consent decree where the absence of a meeting of minds pertaining to matters which should have been included in the consent decree is the main complaint, then this court fails to see how the subsequent meeting of the minds, even with resulting injury, confers equity on the court.

The appellants contend that the lower court erred in granting the motion to strike the bill of review, as last amended. Rule 14, Alabama Equity Rules provide, "the motion to dismiss for want of equity is abolished". Said rule further provides that the equity of a bill may be tested by general demurrer.

[5] The appellants contend that the motion to strike occupied the same position as a motion to dismiss. However, demurrers were sustained to the bill of review, as last amended. In the case of Johnston v. Duke, 286 Ala. 464, 241 So. 2d 839, this court upheld the exmero motu action of the lower court in dismissing a bill of complaint, as last amended, after it had been amended several times. It would appear to this court that the appellants had ample opportunity during the five presentations of their averments to state the equity of their position, if they had an equitable stance. Thus, this court finds no error in the action of the lower court in dismissing the bill of review, as last amended, following the sustaining of the demurrers for the fifth time.

During the course of the proceeding before this court before submission, the Appellee-Receiver filed a motion for writ of certiorari to bring up certain documents from the Circuit Court of Montgomery County, in Equity, which writ of certiorari was granted. In response thereto, Honorable George H. Jones, Jr., Register of the Circuit Court of Montgomery County in Equity, filed with the clerk of this court the following documents: (1) petition for the approval of settlement and additional relief; (2) the settlement proposal (agreement); and (3) the order approving settlement.

The appellants moved this court to strike these documents contending that these documents were never part of the record in the cause styled, "Morris A. Burkett, as Receiver of National Capitol Life Insurance Company, Complainant, vs. Raymond Thomason, Sr., et als., Respondent, Case No. 37,836" but were documents in the file of the case styled, "In the Matter of the Receivership of National Capitol Life Insurance Company," being case number 37,637. However, the final decree of the lower court in case number 37,836 dated October 6, 1970, refers to these documents.

This court in Maner v. Maner, 279 Ala. 652, 656, 189 So.2d 336, 340, stated as follows:

"Where a party refers in his pleading to another proceeding or judgment between the same parties, and involving the same subject matter, the court, on demurrer . . . . may and should take judicial notice of the entire proceeding in so far as it is relevant to the question of law presented."

See also Cogburn v. Callier, 213 Ala. 38, 40, 104 So. 328 and Butler v. Olshan, 280 Ala. 181, 188, 191 So.2d 7.

The same judge that entered the same consent decree in case number 37,836 handled the proceeding in case number 37,637, and took judicial notice of proceedings in the latter case.

It is clear that on a ruling on a demurrer pertaining to a bill of review the lower court takes judicial notice of all proceedings mentioned in the final decree where the complainant seeks to set aside that final decree. It is axiomatic that this court should have before it the documents of which the lower court took judicial notice. Said motion is denied.

Affirmed.

MERRILL, COLEMAN, HARWOOD, BLOODWORTH and McCALL, JJ., concur.